**Peter C. McArdle, Appellant, v. Civil Service Commission of Chicago, Appellee.**

### Gen. No. 15,482.

1. CERTIORARI—*what essential to justify writ.* To justify issuing a writ of *certiorari* good cause must be shown by the petition, since the writ is not a writ of right; and if it appears to the court, after issuing the writ, that it has been improvidently issued, it should be quashed and the petition dismissed.

2. CERTIORARI—*when quashing of writ justified.* The quashing of a writ of *certiorari* is justified in the discretion of the court if it appears from the petition for the writ that no damage or injury resulted or might have resulted to the petitioner from the decision which it was sought to review.

*Certiorari.* Appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 23, 1911.

McARDLE & McARDLE and JOHN A. WATSON, for appellant.

EDWARD J. BRUNDAGE and CLYDE L. DAY, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the petitioner from a judgment of the Circuit Court quashing a writ of *certiorari* and dismissing the petition.

It appears from the petition for the writ that the decision of the defendant sought to be quashed and set aside was rendered on the hearing of certain charges in writing against petitioner, a cement tester in the Bureau of Engineering, Department of Public Works of the city of Chicago, made by the Commissioner of Public Works; that the petitioner filed objections in writing to the sufficiency of said charges, but was required to and did go to trial on said charges, and that the trial resulted in the following decision by the Civil Service Commission:

"Upon investigation of within charges, that a notice stating the time when and the place where this investigation was to be held together with a copy of the charges therein, was duly served on the said P. C. McArdle more than five days prior to this investigation; and the said P. C. McArdle appeared in person, and was also represented by attorney. Whereupon the witnesses were sworn and their evidence was heard by the Commission.

"And we further find from the evidence that the said P. C. McArdle is guilty as charged in the foregoing charges; but we find that the facts as shown do not warrant the discharge of the said P. C. McArdle from the service of the city, and it is ordered that the matter be referred to the Commissioner of Public Works for action."

To justify issuing a writ of *certiorari* good cause must be shown by the petition, since the writ is not a writ of right; and if it appears to the court, after issuing the writ, that it has been improvidently issued, it should be quashed and the petition dismissed. Chicago v. Condell, 224 Ill. 595.

In People v. Leavitt, 41 Mich. 470, it was held that where a man had been tried and convicted of the violation of a city ordinance and had voluntarily paid the fine, a reversal on *certiorari* could not benefit him, and the writ therefore would not lie to review the proceedings. The decision in that case is based on the rule that *certiorari* does not lie where it does not appear that the petitioner has some substantial interest and may suffer some injury if the court does not interfere. In the present case, while petitioner was found guilty of the charges made against him, there was a finding that the facts shown did not warrant his discharge from the service of the city, and it appears from the petition that petitioner was not discharged, but was in the service of the city when he filed his petition.

We think that the Circuit Court might, in its discretion, properly quash the writ on the ground that the petition did not show that any damage or injury had resulted or might result to the petitioner from the decision which it was sought by the writ to quash and vacate, and the judgment is affirmed.

*Affirmed.*