## Nathaniel Hudson, Appellant, v. John E. Owens et al., Appellees.

## Gen. No. 17,876.

CERTIORARI—*when barred by laches.* A delay of eight months unaccounted for by an adequate averment of facts will bar the right to review by *certiorari* the action of the board of election commissioners in removing an incumbent from office.

*Certiorari.* Appeal from the Superior Court of Cook county; the HON. M. M. GRIDLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed May 15, 1912. *Certiorari* denied by Supreme Court (making opinion final.)

FRANK D. AYERS, for appellant.

CHARLES H. MITCHELL and I. T. GREENACRE, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

On December 6, 1910, proceedings were begun in the

County Court of Cook county under section 3 of Article 2 of the City Election law, whereby it was sought to cause appellant, then a member of the Board of Election Commissioners, to be removed from office. On the following day issues being made up the cause was heard and an order entered removing appellant from that office and revoking his commission as such officer. On the same day a further order was made by the same court appointing one Anthony Czarnecki a member of the Board of Election Commissioners to fill the vacancy caused by the removal of appellant from office.

On July 31, 1911, appellant filed in the Superior Court his petition for a writ of certiorari to be directed to the judge and clerk of the County Court, commanding them that they certify to the Superior Court the record of the proceedings by which appellant was removed from office. Upon a hearing the prayer of the petition was denied and the petition was dismissed. This is an appeal from that judgment.

Appellant in his petition for certiorari has set out in full the proceedings in the County Court which resulted in his discharge from office, and the petition on which such proceedings were based, and has made numerous objections to the regularity of those proceedings and the sufficiency of the petition, both as to form and substance, but in the view we take of the case it is unnecessary to determine these questions.

The common law writ of certiorari is not a writ of right. Clark v. City of Chicago, 233 Ill. 113; McArdle v. Civil Service Commission, 159 Ill. App. 464. In order to justify its issuance, not only must good cause be shown, (City of Chicago v. Condell, 224 Ill. 595; Trustees of Schools v. School Directors, 88 Ill. 100), but the petitioner must act promptly in filing his petition, and in case of delay must show by his petition for the writ some legal excuse why he has not moved more promptly. City of Chicago v. Condell, supra; Clark v. City of Chicago, supra. If such delay is not satisfac-

torily explained, the writ should be denied, particularly if great public detriment or inconvenience is likely to result from interfering with the proceedings of an inferior tribunal. Board of Supervisors v. Magoon, 109 Ill. 142; Commissioners of Drainage Dist. v. Griffin, 134 Ill. 330.

In Clark v. City of Chicago, 233 Ill. 113, the Supreme Court, after calling attention to the fact that the statute expressly limits the issuance of the writ of certiorari to review the judgment of justices of the peace to the period of six months after such judgment is entered, holds that petitions for the common law writ of certiorari to review the judgments of inferior tribunals should by analogy be filed within six months after the entry of the order or judgment sought to be reviewed, or legal reasons for failing to do so should be given. By legal reasons, as there used, is meant reasons that are adequate, reasonable and not unlawful.

In the case at bar almost eight months elapsed between the entry of the judgment sought to be reviewed by certiorari and the filing of the petition for the writ. The only reason set up in the petition in excuse for such delay is that the Board of Election Commissioners were during the interim engaged in the disposition of important business pertaining to the duties of their office, and that the prosecution of this suit during such time "would obviously result in an unnecessary interference with important proceedings on the part of said board and the discharge by said Board of its necessary public duties."

These reasons urged as an excuse for delay are far from satisfactory. Indeed, they suggest rather reasons for haste than delay in filing the petition. The more numerous and important the duties the Board of Election Commissioners were performing, the more important it was that it should be a legally organized body of capable and experienced men. The sooner appellant, if he was the rightful incumbent of the of-

fice and a capable and experienced man, could be reinstated, the less the public good would be jeopardized. We think the delay from December 7, 1910, to July 31, 1911, in filing the petition for a writ of certiorari in this case was unreasonable; that the excuse given for such delay is not sufficient, and that appellant is barred by his *laches* of his right to have the proceeding in the County Court, by which he was expelled from the position of member of the Board of Election Commissioners, reviewed by the common law writ of certiorari.

The judgment of the lower court in denying the writ of certiorari and dismissing appellant's petition therefor is, therefore, affirmed.

*Judgment affirmed.*