THE CITY OF CHICAGO

*v.*

MILLAR J. CONDELL.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. CERTIORARI—*writ lies to review a proceeding of civil service commissioners for removing officer.* The common law writ of *certiorari* lies to review a proceeding by the civil service commissioners for the removal of an officer appointed under the civil service rules and regulations. (*Powell* v. *Bullis,* 221 Ill. 379, followed.)

2. SAME—*writ of certiorari is not a writ of right.* To justify issuing a writ of *certiorari* good cause must be shown by the petition, since the writ is not a writ of right; and if it appears to the court, after issuing the writ, that it has been improvidently issued it should be quashed and the petition dismissed.

3. SAME—*party must apply for writ speedily if public inconvenience will result from delay.* While mere lapse of time short of the period of limitation for prosecuting a writ of error will not bar the issuing of a common law writ of *certiorari,* yet if any public inconvenience or detriment will result a party must act speedily in applying for the writ, and any unreasonable delay will warrant its refusal.

4. SAME—*when certiorari should be refused.* Writ of *certiorari* to review the proceedings of the civil service commission in removing a police patrolman from office should be denied where the petition is not filed for a year and a half after petitioner was discharged, and where the only excuse for the delay is that he was informed and believed he was legally dismissed but had only recently been advised that the rule he was alleged to have violated was not a rule of the civil service commission.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JOHN W. BECKWITH, and MICHAEL F. SULLIVAN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

A. D. GASH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Millar J. Condell, a police patrolman of the city of Chicago, was discharged from the service by the chief of police in accordance with the recommendation of the civil service commissioners of said city. He filed a petition for a common law writ of *certiorari* in the superior court of Cook county for the purpose of bringing up the record of the civil service commissioners touching the matter of his discharge. A judge of the superior court awarded the writ, and upon return thereof being made a judgment quashing the record was entered in the superior court, from which an appeal was taken to the Appellate Court for the First District, where the judgment of the superior court was affirmed. By its further appeal the city of Chicago has brought the record to this court and asks a reversal of the Appellate and superior court judgments.

The petition averred that Condell had been a member of the police department of the city of Chicago for ten years; that he had duly passed the required examination and had been regularly appointed to said position in accordance with the provisions of the civil service regulations, and that he had been discharged on December 2, 1902, for the alleged violation of rule 69 of the rules and regulations of the department of police for "neglect to pay, within a reasonable time, a just indebtedness," and prayed for a writ of *certiorari* to be issued to the civil service commissioners and their secretary directing them to certify the record of their proceedings, together with the charges, to the superior court of Cook county for review. The petition charges that there is no rule of the civil service commission, or of the police department, providing for the discharge of a patrolman upon the charges made against him; that said civil service commission had no jurisdiction to hear the charges preferred against him in this case and order his removal, and that in entertaining said charges and issuing summons

against petitioner by the trial board, hearing evidence and the finding of petitioner guilty by said board, the approval of said finding by said commission and entering the order of removal, the said board and commission were without jurisdiction and acted without lawful authority.

The return to the writ set out a copy of the charges and specifications made against appellee before the civil service commissioners; also a copy of a resolution of the civil service commissioners appointing a police trial board, and a finding by said police trial board that appellee was guilty of the charge made against him and ordering his removal from his position on the police force.

It is first contended by appellant that the common law writ of *certiorari* will not lie to review a proceeding of the civil service commissioners for the removal of an officer appointed under the civil service rules and regulations. This question has been settled to the contrary by *Powell* v. *Bullis,* 221 Ill. 379, which was decided since the briefs in this case were filed.

Much of the briefs of both parties to this suit is devoted to a discussion of whether the civil service commission had any legal authority or jurisdiction to cause appellee to be tried upon the charge preferred, and whether, if the commission had any such authority, the charge, if sustained, would justify appellee's removal. In the view we take of this case it will not be necessary to discuss these questions. A writ of *certiorari* is not a writ of right, and whether it should be issued upon the presentation of a petition therefor is in a large measure discretionary with the court. While this is not an arbitrary discretion, to justify issuing the writ good cause must be shown by the petition, otherwise the writ should be denied. But if the writ is issued in the first instance and it afterwards appears to the court that it was improvidently issued, it should be quashed and the petition dismissed. *Board of Supervisors* v. *Magoon,* 109 Ill. 142; *Trustees of Schools* v. *School Directors,* 88 id. 100; *Com-*

*missioners of Drainage District* v. *Griffin*, 134 id. 330; *Hyslop* v. *Finch*, 99 id. 171.

In our opinion the writ in this case should not have been issued, and the superior and Appellate Courts erred in quashing the proceedings of the civil service commission, because of the unreasonable delay of appellee in presenting his petition for the writ. He was discharged from the police force December 2, 1902, and filed his petition in this case May 22, 1904,—practically one and one-half years after the proceedings complained of were had. He seeks to justify this delay by averring that he consulted two law firms at different times and was advised that he had no remedy; that up to the date of filing the petition he was informed and believed that the rule he was charged with violating was a rule of the civil service commission adopted for the governing of police patrolmen, which they had a right to enforce, but that upon consulting with the attorney who filed the petition he learned that said pretended rule was not a rule of the civil service commission; that it was a rule made by the superintendent of police five years before the civil service act went into effect, and that the penalty provided for the violation of the rule was, therefore, never legal. This, we think, is not a sufficient justification for the delay. These allegations amount to an averment that appellee was ignorant of the law and also of some of the facts, but there is no pretense that appellant was in anywise responsible for his ignorance in these respects or that it concealed or withheld from him any knowledge of either law or fact which it was its duty to disclose to him. Appellant was in no way responsible for the delay, and certainly the penalties of such delay should not be visited upon it. It is true that mere lapse of time, alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of the common law writ of *certiorari;* but where a detriment or inconvenience to the public will result, a party is required to act speedily in making his application and any unreasonable delay will warrant

the refusal of the writ. (*Trustees of Schools* v. *School Directors, supra; Hyslop* v. *Finch, supra;* 4 Ency. of Pl. & Pr. 133.) To restore appellee to his position would confer upon him the right to require the payment of his salary to the date of his restoration. Where such consequences must result to the public, a delay for the length of time that elapsed between appellee's discharge and the date of filing his petition is unreasonable and the writ should have been denied.

For these reasons the judgments of the superior and Appellate Courts are reversed, the writ quashed and the petition dismissed.

*Judgment reversed.*