## FRANK B. GAY

### *v.*

## THE CITY OF CHICAGO *et al.*

*Opinion filed June 19, 1907—Rehearing denied October 8, 1907.*

APPEALS AND ERRORS—*party bringing up case must furnish complete printed abstract of record.* Under the rules of the Supreme Court a party bringing a case to that court for review must furnish a printed abstract of the record so complete as to fully present the errors relied upon for reversal and enable the court to determine the questions involved without resort to the written record, and in the absence of such abstract the judgment will be affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

A. D. GASH, for plaintiff in error.

MICHAEL F. SULLIVAN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is a writ of error sued out of this court to review the judgment of the Appellate Court for the First District affirming the judgment of the circuit court of Cook county quashing a common law writ of *certiorari* sued out of said

circuit court by the plaintiff in error to review the action of the civil service commission of the city of Chicago in removing plaintiff in error as a police patrolman from the police force of the city of Chicago.

The petition filed by the plaintiff in error is so imperfectly abstracted in the printed abstracts of the record filed in this court that we are unable to determine whether the petition filed showed good grounds for the issuing of said writ or not. It is abstracted in the following words: "Petition for *certiorari,* praying that city and civil service commission bring record of proceedings of June 10, 1903, on the discharge of Frank B. Gay from the service of the city, into the circuit court that said proceedings might be quashed." The rules of this court require a party bringing a case to this court for review to furnish such a complete printed abstract of the record to the court as will fully present the errors relied upon as grounds of reversal and upon which the questions involved may be determined by this court without a resort to the written record. (*Staude* v. *Schumacher,* 187 Ill. 187.) In *Gibler* v. *City of Mattoon,* 167 Ill. 18, on page 22, it was said: "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome." We have, however, looked into the record sufficiently to satisfy ourselves that there was such delay in filing the petition for the writ of *certiorari* that the writ was properly quashed, under the authority of *City of Chicago* v. *Condell,* 224 Ill. 595.

The judgment of the Appellate Court will be affirmed.

. *Judgment affirmed.*