NO. 4-00-0905

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DAVID ALICEA,

Plaintiff-Appellant,

v.

DONALD SNYDER, RODNEY AHITOW, WILLIAM BOYD, JOHNNY COMPTON, and KENT JANSSEN,

Defendants-Appellees.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of 

Sangamon County

No. 99MR322

Honorable

Thomas R. Appleton,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1994, plaintiff, David Alicea, brought a claim under section 1983 of the Civil Rights Act (42 U.S.C. §1983 (1994)) in federal district court, alleging that defendants, Donald Snyder, Rodney Ahitow, William Boyd, Johnny Compton, and Kent Janssen, on behalf of the Illinois Department of Corrections (DOC), violated his constitutional rights during a September 1994 prison disciplinary hearing.  In February 1998, the district court dismissed part of Alicea's complaint, holding that it did not state a section 1983 claim arising out of the prison disciplinary hearing absent a declaration that a state tribunal had invalidated the discipline imposed on Alicea by DOC (
Alicea v. Ahitow
, No. 94-1518, slip order at 3 (C.D. Ill., February 3, 1998)).  In May 1998, Alicea voluntarily dismissed the remainder of his federal action.  

In August 1999, Alicea filed this action, seeking a declaratory judgment that the discipline imposed on him in November 1994 was invalid.  In May 2000, the trial court dismissed the complaint as untimely because (1) the action was one for common-law writ of 
certiorari
 to review an administrative proceeding, and (2) Alicea had filed the complaint more than six months after the administrative decision.   

Alicea appeals, arguing only that the trial court erred by applying the six-month statute of limitations period applicable to actions for common-law writ of 
certiorari
 instead of the five-year statute of limitations applicable to civil lawsuits (735 ILCS 5/13-205 (West 1998)).  We affirm.  

I. BACKGROUND

On August 16, 1994, DOC employee Captain B. Ward stated in an investigative report that he had received information that Alicea, who is a DOC inmate at Illinois River Correctional Center (Illinois River), was involved in gang activity.  Based on the report, DOC placed Alicea on investigative status.  Janssen, a DOC captain, interviewed Alicea the following day, and Alicea denied being involved in gang activity.  Janssen recommended further investigative status for Alicea.  

On August 19, 1994, DOC served Alicea with an inmate disciplinary report (IDR).  The IDR, which was written by DOC Officer Parks, charged Alicea with gang-related activity and specific violations of DOC rules.  The IDR also charged that (1) Alicea was the leader of a gang known as the Spanish Cobras, (2) his behavior and attitude created conflicts with other prisoners, and (3) his activities jeopardized safety at Illinois River.

On August 24, 1994, an adjustment committee (committee), comprised of Compton and Janssen, met to hear the charges against Alicea.  The committee continued the hearing until September 6, 1994, to allow time to review witness and internal affairs reports.  On that date, the committee read the charges and Alicea pleaded not guilty.  At the conclusion of the hearing, the committee found Alicea guilty of all charges and recommended revocation of one year of Alicea's good-time credit, imposition of one year of disciplinary segregation and one year's demotion to C-grade status, and transfer to a maximum-security prison.  The chief administrative officer later imposed a punishment of three months' segregation, six months' demotion to C-grade status, and transfer to a maximum-security prison.  Thereafter, Alicea filed a grievance and appeared before the administrative review board (board).  On December 5, 1994, the board denied Alicea's grievance and concurred with the chief administrative officer.  

On November 23, 1994, Alicea filed a section 1983 action (42 U.S.C. §1983 (1994)) in federal district court, alleging that DOC's conduct at the disciplinary hearing violated his (1) fourteenth amendment due process rights (U.S. Const., amend. XIV), (2) eighth amendment right to be free from cruel and unusual punishment (U.S. Const., amend. VIII), and (3) right of access to the courts (see 
Bounds v. Smith
, 430 U.S. 817, 821-22, 52 L. Ed. 2d 72, 78-79, 97 S. Ct. 1491, 1494-95 (1977)).  In February 1997, the district court dismissed Alicea's third claim and directed the parties to complete discovery and proceed to trial on the remaining claims.  

In October 1997, defendants again filed a motion to dismiss the due process claim, arguing that pursuant to a recent line of cases, a prisoner cannot state a section 1983 claim arising out of a prison disciplinary hearing absent a declaration that the discipline had been invalidated.  In February 1998, the district court agreed and stated the following:

"Because [Alicea's] discipline has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of 
habeas
 
corpus
, his due process claim is not ripe for adjudication in the context of a federal civil rights action."  
Alicea v. Ahitow
, No. 94-1518, slip order at 3 (C.D. Ill., February 3, 1998).

In September 1998, the district court granted Alicea's motion to voluntarily dismiss the eighth amendment claim with prejudice.  However, the court explained as follows:

"This order will be without prejudice to plaintiff's right to file in the Illinois state court his claim that his disciplinary hearing of September 6, 1994[,] was wrongful as alleged in his original complaint herein, which claim was dismissed without prejudice by this [c]ourt pursuant to its memorandum order entered February 3, 1998."  
Alicea v. Ahitow
, No. 94-1518, slip order at 1 (C.D. Ill., September 24, 1998).

On August 23, 1999, Alicea filed this declaratory judgment action, seeking a declaration that the committee's guilty finding was void and asking that defendants be directed to expunge the sanction and findings from DOC records.  Alicea alleged that DOC violated his due process rights and its own rules in conducting his disciplinary hearing.  Defendants filed a motion to dismiss (735 ILCS 5/2-615(a) (West 1998)), asserting that (1) the committee's decision was not subject to judicial review, (2) DOC did not deprive Alicea of a liberty interest, and (3) Alicea did not have a tangible legal interest sufficient to sustain a declaratory judgment.

In May 2000, the trial court dismissed Alicea's complaint upon finding 
sua
 
sponte
 that the action was actually one for common-law writ of 
certiorari
 to review an administrative proceeding and was untimely because it was filed more than six months after the administrative decision (735 ILCS 5/2-619(a)(5) (West 1998)). 

This appeal followed.

II. ANALYSIS

A. Standard of Review

In determining the legal sufficiency of a complaint, all well-pleaded facts are taken as true (
Connick v. Suzuki Motor Co.
, 174 Ill. 2d 482, 490, 675 N.E.2d 584, 588 (1996)) and all reasonable inferences to be drawn from those facts are drawn in favor of the plaintiff (
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1213-14 (1996)).  A reviewing court must determine whether the allegations in a complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Connick
, 174 Ill. 2d at 490, 675 N.E.2d at 588.  This court reviews 
de
 
novo
 the dismissal of a complaint for failure to comply with the statute of limitations.  
735 ILCS 5/2-619(a)(5) (West 1998); 
Parks v. Kownacki
, 193 Ill. 2d 164, 175, 737 N.E.2d 287, 293 (2000).

B. Statute of Limitations

Alicea argues that the trial court erred by applying the six-month statute of limitations applicable to common-law writs of 
certiorari
 (see 
Koch v. Board of Trustees of the University of Illinois
, 39 Ill. App. 2d 51, 56, 187 N.E.2d 340, 342 (1962)), instead of the five-year statute of limitations that applies to declaratory judgment actions (735 ILCS 5/13-205, 2-701 (West 1998)).  Specifically, Alicea contends that because a declaratory judgment action is the proper method by which to seek administrative review of prison disciplinary proceedings, the court should have applied the five-year limitations period applicable to declaratory judgment actions.  We disagree.  

In support of his proposition that a declaratory judgment action is the proper method for reviewing DOC disciplinary proceedings, Alicea relies on 
Hanrahan v. Williams
, 174 Ill. 2d 268, 673 N.E.2d 251 (1996).  In 
Hanrahan
, 174 Ill. 2d at 270, 673 N.E.2d at 252-53, an inmate challenged a parole board decision denying him parole and then sought review of the board's decision by writ of 
certiorari
.  The supreme court held that a writ of 
certiorari
 may not be issued to review the merits of the board's parole-release decision (
Hanrahan
, 174 Ill. 2d at 281, 673 N.E.2d at 257) reasoning, in part, that the legislature intended the board to have "complete discretion in determining whether to grant parole when the denial of parole is not mandated by statute."  
Hanrahan
, 174 Ill. 2d at 276, 673 N.E.2d at 255.  The 
Hanrahan
 court noted that the defendant could have pursued relief in several ways, including a writ of 
mandamus
 to compel the board to exercise its discretion or a writ of 
habeas
 
corpus
.  
Hanrahan
, 174 Ill. 2d at 272, 673 N.E.2d at 253. 

However, 
Hanrahan
 did not address DOC disciplinary proceedings, much less hold that a declaratory judgment action is the proper method by which to obtain review of such proceedings.  

To be entitled to declaratory relief, (1) the plaintiff must have a tangible interest, (2) the defendant must have an adverse interest, and (3) an actual controversy must exist over that interest.  
AG Farms, Inc. v. American Premier Underwriters, Inc.
, 296 Ill. App. 3d 684, 689, 695 N.E.2d 882, 887 (1998).  The declaratory judgment statute provides that the trial court shall refuse to enter a declaratory judgment if it appears that the judgment "would not terminate the controversy or some part thereof, giving rise to the proceeding."  735 ILCS 5/2-701 (West 1998); see also 
Marlow v. American Suzuki Motor Corp.
, 222 Ill. App. 3d 722, 730, 584 N.E.2d 345, 349 (1991).  The central purpose of a declaratory judgment action is to allow the court to address the controversy one step sooner than normal after a dispute has arisen, but before the plaintiff takes steps that would give rise to a claim for damages.  
Eyman v. McDonough District Hospital
, 245 Ill. App. 3d 394, 396, 613 N.E.2d 819, 821 (1993).  

Contrary to that central purpose, Alicea is not attempting to settle a controversy before it ripens into a legal liability.  Nor is he trying to terminate litigation.  Instead, Alicea is attempting to pursue a claim to 
further
 future litigation in federal court.  Thus, the trial court properly declined to review Alicea's complaint as one seeking a declaratory judgment.  

A common-law writ of 
certiorari
 is a general method for obtaining circuit court review of administrative actions when the act conferring power on an agency does not expressly adopt the Administrative Review Law (735 ILCS 5/3-101 through 3-113
 (West 1998)) and provides for no other form of review.  
Hanrahan
, 174 Ill. 2d at 272, 673 N.E.2d at 253.  In this case, the prison disciplinary procedure statutory scheme fails to adopt the Administrative Review Law or provide for another form of judicial review.  See 730 ILCS 5/3-8-7 
through 3-8-10 (West 1998).  Thus, the trial court did not err by viewing Alicea's action as one seeking common-law 
certiorari
 review. 

Alicea further argues that even if this court views his action as one seeking writ of 
certiorari
, the six-month limitations period does not apply.  Specifically, he contends that the six-month limitations period applies only in cases involving public employment, where prompt resolution of such disputes is necessary.  
Schlosser v. Commissioners of Highways
, 235 Ill. 214, 215-16, 85 N.E. 195, 196 (1908) (the plaintiff was allowed to challenge highway commissioners' decision after 18 months because neither great public detriment nor inconvenience would result if relief were granted); 
Jackson v. Blair
, 298 Ill. 605, 608, 132 N.E. 221, 221-22 (1921) (challenge to school board decision over land placement allowed after three years since the "record [did] not indicate such public inconvenience or detriment as would require the quashing of these proceedings").  
Schlosser
 and 
Jackson
 do not establish a rule prohibiting application of the six-month limitations period in cases unrelated to public employment.  Thus, in this case, the relevant inquiry is whether public detriment or inconvenience would result from Alicea's delay in bringing the action.  We conclude that it would.  

Here, Alicea brought his case more than four years after the six-month limitations period expired.  DOC conducts a large number of disciplinary proceedings every year, and the administrative expense and burden of conducting reviews so long after the completion of the original proceedings would be substantial.  Such an inquiry would result in extensive public detriment and inconvenience.  

Moreover, we note that Alicea had no reasonable excuse for delay in initiating these proceedings.  Alicea contends that he was pursuing federal litigation at the time, but doing so does not justify his delay in bringing these proceedings.  Alicea's filing of a section 1983 action in federal court did not bar an action for common-law writ of 
certiorari
 in state court.  

Finally, even if this court were to regard the six-month limitations period as tolled during Alicea's federal litigation, Alicea's action would still be untimely.  On December 5, 1994, the DOC board denied Alicea's grievance.  On November 23, 1994, Alicea commenced his federal suit, and on September 24, 1998, the district court entered the final order in Alicea's federal case.  Alicea filed the present action on August 23, 1999, nearly five months after the running of any tolled six-month limitations period.  Thus, even if a reasonable excuse existed for Alicea's initial delay, he still untimely filed this action after that excuse was removed.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.