ANTONIO G. REYES, Plaintiff-Appellant, v. ROGER E. WALKER, Director, the Department of Corrections, *et al.*, Defendants-Appellees.

Fourth District   No. 4—04—0900

Opinion filed July 6, 2005.

Antonio Reyes, of Menard, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Gary S. Feinerman, Solicitor General, and Patricia Rosen, Assistant Attorney General, of counsel), for appellees.

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Antonio G. Reyes, an inmate with the Illinois Department of Corrections (DOC), appeals the trial court's dismissal of his petition for a writ of *certiorari*. Plaintiff's petition complained that defendants, DOC officials, failed to comply with certain administrative regulations while pursuing a disciplinary proceeding against him. We affirm.

## I. BACKGROUND

On May 27, 2004, plaintiff filed a petition for a writ of *certiorari*, alleging the DOC adjustment committee lacked jurisdiction over plaintiff's disciplinary hearing conducted on January 20, 2003, because several statutory and administrative rules were violated during the process. Relying on an outdated version of the statute, plaintiff alleged that defendants had violated section 3—8—7(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3—8—7(c) (West 1996) (which mandated that disciplinary proceedings be commenced no more than eight days from an infraction or the discovery thereof)) because he was placed in segregation on December 10, 2002, but the disciplinary proceedings did not commence until December 23, 2002, 13 days later.

Plaintiff also claimed the disciplinary report was not filed until December 17, 2002, seven days after he was placed in segregation, in violation of section 3—8—7(c) of the Unified Code (730 ILCS 5/3—8—7(c) (West 2002) (review of disciplinary action shall occur in a timely manner)). In addition, plaintiff claimed the adjustment committee's decision, finding him guilty of the charged offenses, was not supported by sufficient evidence and that the adjustment committee's written decision did not adequately explain the bases for its ruling.

Plaintiff alleged he had "filed a grievance concerning these matters and ha[d] recieved [*sic*] the administrative review board[']s decision on 9-25-03." Plaintiff attached to his petition for a writ of *certiorari* the documents he submitted to the adjustment committee, asserting a defense to the charged offenses, and the committee's final summary report from the January 20, 2003, disciplinary hearing. Plaintiff did not attach anything supporting his contention that he grieved the committee's decision and the accompanying procedures.

On May 28, 2004, on plaintiff's motion, the trial court appointed the Livingston County public defender to represent plaintiff. On August 3, 2004, defendants filed a motion to dismiss plaintiff's petition pursuant to section 2—615 of the Code of Civil Procedure (Code)

(735 ILCS 5/2—615 (West 2002)), alleging the petition was barred by the doctrine of *laches*, or in the alternative, that plaintiff had failed to state an action entitling him to the issuance of a writ of *certiorari*. Defendants argued that plaintiff, by filing his petition, merely sought a retrial of his disciplinary proceedings—a remedy to which he was not entitled.

On August 9, 2004, after a hearing, the trial court granted defendants' motion to dismiss on the grounds alleged therein and vacated its appointment of the public defender as plaintiff's counsel. On September 7, 2004, plaintiff filed a *pro se* motion to vacate judgment and an accompanying memorandum of law. On September 9, 2004, the court denied plaintiff's motion without a hearing. This appeal followed.

## II. ANALYSIS

Plaintiff filed this *pro se* appeal, claiming the trial court erred in dismissing his petition for a writ of *certiorari* based on *laches* and on facts not alleged in his petition.

■ As a preliminary matter, plaintiff filed a motion to amend the record on appeal. We ordered the motion be taken with the case and now find the supplemental evidence that plaintiff requested be included in the record (correspondence to and from the circuit clerk prior to the filing of the petition for *certiorari*) is not necessary for a resolution of this appeal. We therefore deny plaintiff's motion to amend the record on appeal.

■ We note that defendants' motion to dismiss and the trial court's dismissal more properly should have been based on section 2—619(a)(5), rather than section 2—615, of the Code (735 ILCS 5/2—619(a)(5) (West 2002) (grounds for dismissal when the cause of action was not commenced within the time limited by law)). Regardless, our review is the same. See *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 411, 418-19, 775 N.E.2d 951, 957, 961 (2002).

Under either section of the Code, a court determines the legal sufficiency of a complaint by taking as true all well-pleaded facts and construing all reasonable inferences from those facts in favor of the plaintiff. *Alicea v. Snyder*, 321 Ill. App. 3d 248, 252, 748 N.E.2d 285, 288 (2001). We review *de novo* the dismissal of a complaint for failure to comply with the statute of limitations (*Alicea*, 321 Ill. App. 3d at 252, 748 N.E.2d at 289), and we may affirm on any basis warranted by the record (*Ashley v. Pierson*, 339 Ill. App. 3d 733, 737, 791 N.E.2d 666, 669-70 (2003)).

In his petition, plaintiff sought review by *certiorari* of the manner in which defendants handled the disciplinary proceedings initiated

against him. He asserted that defendants violated several administrative rules and procedural requirements.

■ We have held that a common-law writ of *certiorari* is the proper method for obtaining review of DOC disciplinary proceedings. *Alicea*, 321 Ill. App. 3d at 253, 748 N.E.2d at 290.

> "The common law writ of *certiorari* provides a means whereby a party who has no avenue of appeal or direct review may obtain limited review over action by a court or other tribunal exercising quasi-judicial functions. *** The purpose of *certiorari* review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law." *Reichert v. Court of Claims*, 203 Ill. 2d 257, 260, 786 N.E.2d 174, 177 (2003).

However, *certiorari* will not lie until a final decision has been entered by the tribunal whose decision is questioned. *Reichert*, 203 Ill. 2d at 261, 786 N.E.2d at 177. According to this "finality" requirement, a plaintiff must exhaust his administrative remedies prior to bringing a *certiorari* action to review a DOC disciplinary proceeding. See *Beahringer v. Page*, 204 Ill. 2d 363, 376, 789 N.E.2d 1216, 1225 (2003) (exhaustion of remedies applies to prisoners' grievances).

■ In his petition, plaintiff asserted that he filed a grievance with the proper administrative bodies prior to filing his petition for review with the trial court and he received a final administrative decision thereon. There is, however, no evidence in the record. We are, as was the trial court, without jurisdiction to properly review plaintiff's *certiorari* petition.

> "Among the policy considerations underlying the exhaustion doctrine are that it allows the agency to fully develop and consider the facts of the cause and to utilize its expertise; it protects the agency processes from impairment by avoidable interruptions; it gives the aggrieved party the opportunity to succeed before the agency; and it allows the agency to correct its own errors, thus conserving valuable judicial resources." *Beahringer*, 204 Ill. 2d at 375, 789 N.E.2d at 1224-25.

"Courts are ill-equipped to deal with the increasingly urgent problems of prison administration and reform." *Beahringer*, 204 Ill. 2d at 375, 789 N.E.2d at 1225. Thus, courts should allow the DOC employees to resolve the prisoners' disagreements over administrative policies without judicial interference. *Beahringer*, 204 Ill. 2d at 376, 789 N.E.2d at 1225.

The record does not indicate that the prison administrator had the chance to resolve plaintiff's contentions of error. Despite plaintiff's statement that his grievances had administrative finality, we have nothing to indicate that was in fact the case. Thus, plaintiff failed to

meet his burden of proving that he exhausted his administrative remedies—a condition precedent to our review.

We affirm the trial court's judgment dismissing plaintiff's petition, although not on the basis stated by the court but on the basis that plaintiff failed to prove exhaustion. See *Ashley*, 339 Ill. App. 3d at 737, 791 N.E.2d at 669-70 (we may affirm on any basis that appears in the record).

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment dismissing plaintiff's petition.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.