2018 IL App (3d) 170426

Opinion filed November 7, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| CHARLES DONELSON, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellant, | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois. |
| v. | ) | |
| | ) | |
| MELVIN HINTON, J. LARIS, M. MIRSKY, | ) | Appeal No. 3-17-0426 |
| W. NICHOLAS, and R. PFISTER, | ) | Circuit No. 16-MR-1902 |
| | ) | |
| Defendants | ) | |
| | ) | The Honorable |
| (Melvin Hinton, Defendant-Appellee). | ) | Arkadiusz Z. Smigielski, |
| | ) | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Carter and Justice O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff Charles Donelson filed a writ of *certiorari*, arguing that the Illinois Department

of Corrections (IDOC) classified him as a sexual predator in violation of its administrative

directive. Defendant Melvin Hinton, IDOC's acting statewide mental health supervisor, filed a

motion to dismiss based on *laches*. The trial court granted the motion and dismissed Donelson's

claim. Plaintiff appealed, and we reverse and remand for an evidentiary hearing.

¶ 2                                    I. BACKGROUND

¶ 3        In July 2016, plaintiff Charles Donelson filed a complaint for common law writ of *certiorari* against defendants Melvin Hilton, M. Mirsky, R. Pfister, J. Laris, and W. Nicholas. Although the complaint listed five defendants, service was made only on Melvin Hinton. The Illinois Attorney General filed an appearance on behalf of Hinton.

¶ 4        In the complaint, Donelson argued that the IDOC erred when it designated him as a sexual predator under IDOC's administrative directive 04.01.306. Donelson claimed that IDOC improperly relied on prior incidents that did not occur in a detention, youth, or mental health facility in violation of the directive. Donelson contended that, as a result of the erroneous ruling, IDOC violated his due process rights. He attached several documents to the complaint: (1) a June 20, 2016, letter from R. Pfister, warden of Stateville Correctional Center, stating that IDOC was compliant with the administrative directive; (2) a May 3, 2016, e-mail from the Illinois Attorney General, stating that Donelson was classified as a predator because (a) he was convicted of aggravated criminal sexual assault with a weapon, (b) he had a history of aggressive behavior/assaults, and (c) he received a disciplinary infraction for sexual misconduct/anal sex; and (3) a copy of IDOC's administrative directive 04.01.301.

¶ 5        The purpose of administrative directive 04.01.301 is "to provide a safe and secure environment for all inmates and to maintain a program for the prevention of sexual assaults." The IDOC program coordinator is responsible for developing procedures for determining whether to classify an inmate as a sexual predator. The factors used in the determination include "(1) nature and number of prior incidents; (2) age of the inmate at the time of prior incidents; (3) time elapsed since prior incidents; (4) the inmate's physical and mental status; and (5) whether prior incidents occurred in a prison or jail or in a detention, youth, or mental

2

facility." Medical staff must screen each inmate for any evidence of sexually assaultive behavior, and clinical services staff must review "the pre-sentence report, statement of facts, and other material in the master file for sexually assaultive behavior." The facility program coordinator reviews any referrals to determine whether an inmate should initially be identified as a sexual predator. The IDOC program coordinator makes the final decision on any initial sexual predator classifications.

¶ 6 In April 2017, Hinton filed a motion to dismiss under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2016)). In the motion, defendants alleged that Donelson's complaint was barred by *laches* because (1) he waited 11 years to file his complaint and offers no explanation for his delay and (2) IDOC is prejudiced by the delay as the administrative expense and burden of conducting a review 11 years later would be substantial. Defendants attached Donelson's IDOC cumulative counseling summary. In particular, defendants note the comments made on April 9, 2005, in which a correctional staff stated, "Capt Ruiz called me to let me know that he was very upset about him being assigned the label 'predator.' However, she said it was put on by Menard when he was at LAW. I told her I would check into it and get back with her."

¶ 7 In his response, Donelson claimed that he did not know he was classified as a sexual predator until he received the May 2016 e-mail. He also alleged that defendants were not prejudiced because they did not establish how judicial review of Donelson's claim would cause a substantial burden and expense on the public. Hilton replied, arguing that Donelson knew about his status in 2005 as shown in the counseling summary and that reviewing Donelson's claim after an 11-year delay would "result in extensive public detriment and inconvenience." The trial

3

court granted Hinton's motion and dismissed Donelson's complaint with prejudice. Donelson appealed. Hinton is the only defendant subject to this appeal.

¶ 8                                       II. ANALYSIS

¶ 9        Donelson argues that the trial court erred when it dismissed his writ of *certiorari* under section 2-619(a)(9) based on *laches*. Section 2-619 allows a court to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). Subsection (a)(9) "permits involuntary dismissal where 'the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim.' " *Id.* (quoting 735 ILCS 5/2-619(a)(9) (West 1998)). An affirmative matter is " 'something in the nature of a defense which negates the cause of action completely.' " *Id.* (quoting *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994)). Therefore, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the plaintiff's claim. *Id.* "A defendant's assertion that a claim should be barred by *laches* invokes section 2-619(a)(9) ***." *Mo v. Hergan*, 2012 IL App (1st) 113179, ¶ 34. The court must review all pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter*, 207 Ill. 2d at 367-68. That party, in this case, is Donelson.

¶ 10        "In deciding the merits of a section 2-619 motion, the trial court may not determine disputed factual issues without an evidentiary hearing." *Weisberg v. Chicago Steel*, 397 Ill. App. 3d 310, 312 (2009). When reviewing dismissals of a section 2-619 motion, the questions are whether a genuine issue of material fact exists and whether the defendant is entitled to a judgment as a matter of law. *Id.* at 313. A section 2-619 motion to dismiss is reviewed *de novo*. *Van Meter*, 207 Ill. 2d at 368.

¶ 11    *Laches* applies when "a party's failure to timely assert a right has caused prejudice to the adverse party." *Van Milligan v. Board of Fire & Police Commissioners of the Village of Glenview*, 158 Ill. 2d 85, 89 (1994). In order to prove *laches*, the defendants must show (1) lack of due diligence by the party asserting the claim and (2) prejudice to the party asserting *laches*. *Ashley v. Pierson*, 339 Ill. App. 3d 733, 739 (2003). "When a defendant asserts *laches* as a bar to a plaintiff's petition for a writ of *certiorari* or *mandamus*, the plaintiff's lack of due diligence is established by a showing that more than six months elapsed between the accrual of the cause of action and the filing of the petition, unless the plaintiff provides a reasonable excuse for the delay." *Id.*

¶ 12    As to the first *laches* element, the question before us is whether Donelson lacked due diligence in asserting his claim. Donelson contends that he did not know of his classification until he received the Illinois Attorney General's May 2016 e-mail and that he subsequently filed this action in July 2016. Hinton alleges that Donelson knew about his classification in 2005—11 years before he filed his complaint—because the counseling summary shows that he told Captain Ruiz that he was "very upset about being assigned the label 'predator.' " This competing evidence creates an issue of material fact and the record is devoid of any evidentiary hearing on this issue. Furthermore, different inferences can be drawn from the counseling summary. For example, it is unclear if Donelson's alleged comment to Captain Ruiz was about his IDOC sexual predator classification. Even if we were to accept Hinton's interpretation of the counseling summary as Donelson discussing his sexual predator classification, there is no evidence that Donelson received the cumulative counseling summary report—and received at least some notice of his alleged statement—until it was attached to Hinton's motion to dismiss.

¶ 13       We also believe there are unresolved questions about IDOC's claim of prejudice. Illinois courts have not directly addressed the specific issue before this court. We believe, however, that *Ashley v. Pierson*, 339 Ill. App. 3d 733 (2003), and *Washington v. Walker*, 391 Ill. App. 3d 459 (2009), provide guidance. In *Ashley*, the trial court determined that the plaintiff's writ of *mandamus* was barred by *laches*. 339 Ill. App. 3d at 737. On appeal, the Fourth District stated that prejudice is inherent when a detriment or inconvenience to the public will result and "such detriment and inconvenience exists in cases where inmates file petitions for writs of *mandamus* more than six months after the completion of the original DOC disciplinary proceedings and no reasonable excuse exists for the delay." *Id.* at 739. Relying on *Alicea v. Snyder*, 321 Ill. App. 3d 248 (2001), the court reasoned that IDOC performs large numbers of disciplinary proceedings every year and that " 'the administrative expense and burden of conducting reviews so long after the completion of the original proceedings would be substantial.' " *Ashley*, 339 Ill. App. 3d at 740 (quoting *Alicea*, 321 Ill. App. 3d at 254). Thus, it held that the defendants were inherently prejudiced because the plaintiff did not have a reasonable excuse for the more than two-year delay. *Id.*

¶ 14       In *Washington*, the trial court found that the plaintiff's *certiorari* claim was barred by *laches*. 391 Ill. App. 3d at 462. On appeal, the Fourth District rejected plaintiff's argument that the prejudice presumption in *Ashley* should not apply, finding that a hearing on the disciplinary transfer, which would require witnesses to be interviewed and supporting documents, would cause public detriment and inconvenience. *Id.* at 465. It explained that, given the delay, "evidence, including witnesses, may be more difficult to find and the costs, as referenced in *Alicea*, could be substantial." *Id.* Therefore, it concluded that defendant was inherently prejudiced by the plaintiff's one-year delay. *Id.*

¶ 15        Hinton argues that the expense and burden of conducting a hearing on Donelson's classification after 11 years would be substantial. The court in *Ashley* determined that the petitioner's delay would cause inherent prejudice because IDOC conducts a large number of disciplinary proceedings every year. Here, there is no evidence to show that IDOC had a large number of sexual predator classification proceedings or that the expense and burden of those proceedings were substantial. Hinton claims that a review of Donelson's classification would be burdensome because the administrative directive requires medical staff to screen each inmate for sexually assaultive behavior. However, the IDOC program coordinator, not the medical staff, makes the final decision regarding any sexual predator classifications, and it is not clear whether the medical staff is involved in, or even affected by, the review proceedings.

¶ 16        Furthermore, unlike *Washington*, evidence related to Donelson's classification is still readily available. IDOC relied on three factors to determine whether to classify Donelson as a sexual predator: (1) he had been convicted of aggravated criminal sexual assault with a weapon, (2) he had a history of aggressive behavior/assaults, and (3) he received a disciplinary infraction for sexual misconduct/anal sex. This information was recently verified by the Illinois Attorney General in 2016. Therefore, we find that there was an issue of material fact and that the trial court should have conducted an evidentiary hearing. Accordingly, we reverse and remand this case for an evidentiary hearing.

¶ 17                                    III. CONCLUSION

¶ 18        The judgment of the circuit court of Will County is reversed and remanded.

¶ 19        Reversed and remanded.

7