# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Tolbert v. Godinez*, 2020 IL App (4th) 180587

</div>

| | |
|---|---|
| Appellate Court Caption | VERNON TOLBERT, Plaintiff-Appellant, v. SALVADOR A. GODINEZ, Director of Corrections, and MICHAEL LEMKE, RANDY S. PFISTER, and RICHARD HARRINGTON, Wardens, Defendants-Appellees. |
| District & No. | Fourth District<br>No. 4-18-0587 |
| Rule 23 order filed<br>Rule 23 order modified upon<br>denial of rehearing<br>Motion to<br>publish allowed<br>Opinion filed | July 16, 2019<br><br><br>August 6, 2019<br><br>September 4, 2019<br>February 19, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 17-MR-81; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Vernon Tolbert, of Pontiac, appellant *pro se*. |

Kwame Raoul, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Nadine J. Wichern, Assistant Attorney General, of counsel), for appellees.

Panel        JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Knecht and Holder White concurred in the judgment and opinion.

**OPINION**

¶ 1      On April 18, 2017, plaintiff, Vernon Tolbert, an inmate in the Department of Corrections (DOC) filed a *pro se* petition for writ of *certiorari* against defendants, Salvador A. Godinez, Director of Corrections, and Michael Lemke, Randy S. Pfister, and Richard Harrington, DOC wardens. In December 2017, defendants filed a motion to dismiss, which the circuit court granted on June 13, 2018.

¶ 2      On appeal, plaintiff argues the circuit court erred in dismissing his petition for writ of *certiorari*. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4      Plaintiff is currently imprisoned at Menard Correctional Center and serving a sentence of 65 years for first degree murder. On April 18, 2017, plaintiff filed a *pro se* petition for writ of *certiorari* in the circuit court of Livingston County against defendants. According to plaintiff's petition, plaintiff learned in May 2013 he had been "classified as a sexual predatory [*sic*]" and "placed on single-cell status."

¶ 5      Plaintiff claimed he had been classified as a sexual predator in retaliation for a physical altercation with his former cellmate while imprisoned in Stateville Correctional Center. According to plaintiff, the former cellmate made false allegations of sexual assault against plaintiff. Plaintiff claimed he "never received a copy of *** the actual allegations made against him," had not been issued an inmate disciplinary report related to the allegations, and had not been charged with a sexual offense. Plaintiff alleged he had "filed a few grievances" regarding his classification as a sexual predator and "timely appealed his grievances to the administrative review board."

¶ 6      Plaintiff attached multiple documents to his petition for writ of *certiorari* related to the altercation with his former cellmate on January 29, 2013, but only one document related to his classification as a sexual predator. Specifically, plaintiff attached a grievance he submitted on August 9, 2013, seeking immediate termination of his sexual predator classification. The grievance alleged his classification as a sexual predator violated his constitutional rights and was based solely on "false and unsubstantiated allegations initiated by [his former cellmate]." The grievance also alleged plaintiff filed grievances on June 15, 2013, and July 9, 2013, "arguing the same claims," but a counselor refused to "further [the] grievance[s] to the grievance officer and chief administrative officer for further review." Plaintiff asserted he forwarded his grievances to a grievance officer and chief administrative officer but the grievances were returned to plaintiff "without a response." The August 2013 grievance form

showed a counselor responded to the grievance on September 3, 2013, finding the issue had been previously addressed and was an "administrative decision."

¶ 7 In his petition, plaintiff claimed his classification violated his due process and equal protection rights under the United States and Illinois Constitutions. Also, plaintiff claimed the classification would "likely" affect decisions about "clemency, parole, and good time," as well as his housing within prison and upon release. Plaintiff requested the circuit court "grant his petition for a common law writ of certiorari by declaratory judgment" and order his alleged classification be expunged.

¶ 8 Plaintiff also claimed he was entitled to equitable tolling of the six-month limitations period for his *certiorari* action. In support, plaintiff contended (1) he was falsely classified as an act of retaliation, (2) he was never charged with any sexual offense under DOC regulations or Illinois criminal statutes, and (3) his "actual innocen[ce]" requires a decision on the merits in the "interest of justice and fundamental fairness." Plaintiff further asserted each day he was allegedly classified as a sexual predator was a "fresh constitutional violation," refreshing the limitations period. Finally, plaintiff argued the five-year limitations period under section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2016)), which applies to declaratory judgment actions under section 2-701 of the Code (735 ILCS 5/2-701 (West 2016)), should apply to his action instead of the six-month period for *certiorari* actions.

¶ 9 In December 2017, defendants, by and through the Illinois Attorney General, filed a motion to dismiss plaintiff's *certiorari* petition pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)), alleging the petition was barred by the doctrine of *laches*. Defendants argued plaintiff's action was not filed within six months of DOC's final decision, a date defendants identified as December 10, 2014.

¶ 10 On December 28, 2017, plaintiff filed a motion to strike defendants' motion to dismiss, arguing defendants should be barred from arguing timeliness where they did not address timeliness during the grievance process. He further reiterated his petition was timely regardless, as the limitations period for his writ of *certiorari* should be equitably tolled or the limitations period started anew each day he was improperly classified.

¶ 11 On December 28, 2017, plaintiff also filed a response to defendants' motion to dismiss. In his response, plaintiff further argued the limitations period should be "equitably tolled" where the "prison law library *** failed to provide him with the proper information" about seeking "a common law writ of certiorari in a timely manner." Instead, "law library state officials" told him to file a *mandamus* action. Plaintiff claimed he filed a writ of *mandamus* in the circuit court of Randolph County, which was dismissed. Moreover, plaintiff stated he "learned about the petition for a common law writ of certiorari" in April 2017 and immediately filed the petition.

¶ 12 On June 13, 2018, the circuit court granted defendants' motion to dismiss, noting plaintiff "fail[ed] to allege any facts to show that he exercised due diligence" and had no "reasonable excuse for the delay *** [of] almost 22 months after the administrative review process was concluded." The court concluded plaintiff's action was barred by *laches*.

¶ 13 On July 9, 2017, plaintiff filed a motion to reconsider, arguing he has a "slow learning disability that cause[d] him to miss" the deadline. In a supplement to his motion for reconsideration, plaintiff also contended equitable tolling was justified where defendants' conduct was "egregious" and violated the state and federal constitutions, a violation he again

contended refreshed the limitations period each day he was misclassified. The circuit court denied plaintiff's motion.

¶ 14    This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16    Plaintiff contends the trial court erred in granting the motion to dismiss on the basis the petition for writ of *certiorari* was untimely.

¶ 17                            A. Standard of Review

¶ 18    Defendants' motion to dismiss sought to dismiss the petition for writ of *certiorari* under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)). With a section 2-619 motion to dismiss, the movant admits the sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 40, 32 N.E.3d 583. A motion to dismiss under section 2-619(a)(9) of the Code allows for the involuntary dismissal of a cause of action on the ground "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). Our supreme court has held "[o]ne such affirmative matter is the defense of *laches*." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 50, 53 N.E.3d 1. We review *de novo* the grant of a section 2-619 motion to dismiss. *Richter*, 2016 IL 119518, ¶ 18.

¶ 19                                B. *Laches*

¶ 20    "The doctrine of *laches* is applied 'when a party's failure to timely assert a right has caused prejudice to the adverse party.' " *Ashley v. Pierson*, 339 Ill. App. 3d 733, 737, 791 N.E.2d 666, 670 (2003) (quoting *Van Milligan v. Board of Fire & Police Commissioners of the Village of Glenview*, 158 Ill. 2d 85, 89, 630 N.E.2d 830, 833 (1994)). In 1906, our supreme court first held the doctrine of *laches* applied to petitions for writ of *certiorari*. See *City of Chicago v. Condell*, 224 Ill. 595, 598-99, 79 N.E. 954, 956 (1906).

¶ 21    Generally, a party asserting the defense of *laches* must prove (1) the lack of due diligence by the party asserting the claim and (2) prejudice to the party asserting the defense. *Washington v. Walker*, 391 Ill. App. 3d 459, 463, 908 N.E.2d 1066, 1070 (2009). A plaintiff's lack of due diligence is established by showing a lapse of more than six months from the accrual of the cause of action and the filing of the petition, unless the plaintiff offers a reasonable excuse for the delay. *Washington*, 391 Ill. App. 3d at 463. As to the prejudice prong, "in cases 'where a detriment or inconvenience to the public will result,' prejudice is inherent." *Ashley*, 339 Ill. App. 3d at 739 (quoting *Condell*, 224 Ill. at 598-99).

¶ 22                            1. *Lack of Due Diligence*

¶ 23    Plaintiff filed his grievance on August 9, 2013. Although the final decision regarding plaintiff's sexual predator classification was not included in the record, the parties do not dispute a "final decision on [plaintiff's] grievance" was entered on December 10, 2014. Plaintiff's writ of *certiorari* was filed on April 18, 2017. Thus, plaintiff's action was not filed until approximately 28 months had passed.

¶ 24    Plaintiff admits his *certiorari* action was not filed within the six-month period for the filing of the petition. However, he contends this period should be "equitably tolled." The doctrine of equitable tolling "permits a court to excuse a plaintiff's failure to comply with a statute of limitations where 'because of disability, irremediable lack of information, or other circumstances beyond his control,' the plaintiff cannot reasonably be expected to file suit on time." *Williams v. Board of Review*, 241 Ill. 2d 352, 360-61, 948 N.E.2d 561, 567 (2011) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). However, "*[l]aches* is not a statute of limitations." *Hynes v. Snyder*, 355 Ill. App. 3d 394, 398, 823 N.E.2d 231, 235 (2005). We note, depending on the facts in question, the doctrine of *laches* may apply "although the time fixed by the statute of limitations has not expired." *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 270, 746 N.E.2d 254, 262 (2001). Therefore, with *laches*, nothing can be tolled.

¶ 25    Moreover, even if we considered plaintiff's arguments in support of equitable tolling, we would not excuse plaintiff's untimely filing of his petition.

¶ 26    First, plaintiff asserts he received inadequate advice from the "prison law library." Plaintiff stated he was directed to file a writ of *mandamus* instead of a writ of *certiorari*. Plaintiff contends, once he learned about the writ of *certiorari*, he "immediately filed." "Ignorance of the law or legal rights will not excuse a delay in filing a lawsuit." *People v. Lander*, 215 Ill. 2d 577, 588, 831 N.E.2d 596, 603 (2005). Further, pursuing another form of relief does not excuse an untimely filing. *Cf. Washington*, 391 Ill. App. 3d at 464 ("waiting for a decision in a pending federal action is not a reasonable excuse for not filing a state action"). Although delay may be excused where a plaintiff is "awaiting the final determination of another lawsuit in which issues crucial to his claim are being litigated" (*Negron v. City of Chicago*, 376 Ill. App. 3d 242, 248, 876 N.E.2d 148, 154 (2007)), plaintiff admits his *mandamus* action was dismissed well before this action was filed.

¶ 27    Plaintiff also contends his petition should be heard on the merits despite the delay because it raises constitutional concerns. Constitutional claims are not precluded from *laches*. See *Alicea v. Snyder*, 321 Ill. App. 3d 248, 748 N.E.2d 285 (2001) (petitioner's claims, including constitutional due process claims, were barred by *laches*); see also *Tully v. State of Illinois*, 143 Ill. 2d 425, 434, 574 N.E.2d 659, 663 (1991) (finding, "[u]nder the facts of this case, [the defendant] is guilty of *laches* and barred from asserting any objections, constitutional or otherwise, to the election of [the plaintiff]"). Further, the existence of multiple constitutional claims is not an excuse for a delay but rather shows the importance of plaintiff's claims and demonstrates the claims should have been timely filed.

¶ 28    Plaintiff also argues the six-month period should restart each day he remains classified as a sexual predator. Although the effects of the decision may continue, DOC does not reclassify plaintiff as a sexual predator every day. *Cf. Trembczynski v. Human Rights Comm'n*, 252 Ill. App. 3d 966, 970, 625 N.E.2d 215, 218 (1993) (finding the limitations period did not start anew each day a discharged employee was not rehired). Further, the clock on the limitation for *certiorari* action begins not from the violation of rights but "from the date of the entry of the order which he desires to have reviewed." *Clark v. City of Chicago*, 233 Ill. 113, 115, 84 N.E. 170, 171 (1908). Here, the parties agree a final decision was entered on December 10, 2014.

¶ 29    Plaintiff next argues, because defendants never argued plaintiff's prison grievances were untimely, defendants should be barred from raising *laches* in this action. The requirement for grievances to be filed "within 60 days after the discovery of the incident, occurrence, or

problem that gives rise to the grievance" (20 Ill. Adm. Code 504.810, amended at 27 Ill. Reg. 6214 (eff. May 1, 2003)) is separate from the requirement for a *certiorari* action to be filed in circuit court within six months of the final administrative decision. See *Connolly v. Upham*, 340 Ill. App. 387, 391, 92 N.E.2d 207, 209 (1950). Defendants refrained from objecting to an untimely grievance, but this provides no excuse for plaintiff's later untimeliness in this action.

¶ 30        Further, to avoid the six-month limitation for his *certiorari* action, plaintiff asks we instead apply the five-year statute of limitations for declaratory judgment actions. See 735 ILCS 5/13-205 (West 2016). However, even if we were to apply a statute of limitations, the doctrine of *laches* would still apply. As noted, *laches* is a separate legal concept from statutes of limitations and may be applied even where the statute of limitations on a claim has not run. See *Sundance Homes, Inc.*, 195 Ill. 2d at 270. Moreover, despite plaintiff's characterization of a declaratory judgment action, this action was properly labeled as a writ of *certiorari*. See *Alicea*, 321 Ill. App. 3d at 252-53 (finding a common-law writ of *certiorari*, not a declaratory judgment action, was the proper method for requesting circuit court review of administrative actions where the Administrative Review Law (735 ILCS 5/3-101 through 3-113 (West 1998)) or other forms of review do not apply).

¶ 31        Finally, plaintiff contends his learning disability caused the delay in filing his petition. However, plaintiff does not explain how his learning disability prevented him from filing a timely petition. Plaintiff also does not explain how he was able to file his prison grievances and an action for *mandamus* relief yet was unable to file his *certiorari* action in a timely manner.

¶ 32        In sum, we find plaintiff provided no reasonable excuse for the delay in filing his writ of *certiorari*.

¶ 33                                                    2. *Prejudice*

¶ 34        A defendant "asserting *laches* generally must prove that he was prejudiced by the [plaintiff's] delay." *Ashley*, 339 Ill. App. 3d at 739. However, prejudice is inherent " 'where a detriment or inconvenience to the public will result.' " *Ashley*, 339 Ill. App. 3d at 739 (quoting *Condell*, 224 Ill. at 598-99). When inmates file *certiorari* actions more than six months after prison disciplinary decisions are final, the result is "extensive public detriment and inconvenience." *Alicea*, 321 Ill. App. 3d at 254. "DOC conducts a large number of disciplinary proceedings every year, and the administrative expense and burden of conducting reviews so long after the completion of the original proceedings would be substantial." *Alicea*, 321 Ill. App. 3d at 254. This court has previously acknowledged this substantial cost, stating:

> "[t]he IDOC inmates who might serve as witnesses may no longer be in the same prison or incarcerated at all. Moreover, the employees who were involved may have transferred or quit since that time, or even more likely, these employees would not be able to recall the events that occurred over six months ago. Possible records may have been disposed of in the ordinary course of business as well." *Hadley v. Ryan*, 345 Ill. App. 3d 297, 303, 803 N.E.2d 48, 54 (2003).

Therefore, we find here, where plaintiff waited approximately 28 months to file his petition for writ of *certiorari*, prejudice is presumed.

¶ 35        Additionally, we decline to follow *Donelson v. Hinton*, 2018 IL App (3d) 170426, 118 N.E.3d 1206. There, the Appellate Court, Third District, reversed the circuit court's dismissal

of the inmate's *certiorari* action seeking review of DOC's classification of the inmate as a sexual predator and remanded the case for an evidentiary hearing. The *Donelson* court found (1) "competing evidence" as to when the plaintiff knew of his classification as a sexual predator and (2) "unresolved questions about IDOC's claim of prejudice." *Donelson*, 2018 IL App (3d) 170426, ¶¶ 12-13. This case does not have unresolved questions of fact precluding the doctrine of *laches*, and thus *Donelson* is distinguishable. Moreover, to the extent some of the language in *Donelson* suggests prejudice should not be presumed when the inmate has failed to promptly file a writ of *certiorari*, we disagree and continue to follow our holding in *Ashley*.

¶ 36 Where plaintiff provided no reasonable excuse for the delay in filing his writ of *certiorari* and prejudice is presumed, the doctrine of *laches* is appropriately applied. Accordingly, we find the circuit court did not err in granting defendants' motion to dismiss.

¶ 37                                III. CONCLUSION

¶ 38 For the reasons stated, we affirm the Livingston County circuit court's judgment.

¶ 39 Affirmed.