## Joseph Roberts et al., Appellees, v. William Romick et al., Appellants.

1. CERTIORARI—*when writ premature; when not.* Where a tribunal usurps jurisdiction, or acts in the absence of or in excess of authority, the common law writ of certiorari is issuable before the proceedings instituted before such tribunal shall have culminated in a final order or judgment; but where a tribunal possesses jurisdiction to hear and determine the cause the writ will not issue until the proceeding has terminated, and then only if it shall appear that such tribunal has entered an illegal judgment or order.

2. CERTIORARI—*when issuance of writ premature to determine propriety of vacation of road.* A writ of certiorari should not issue to review the proceedings of a board of highway commissioners in vacating a road until a final order of vacation has been entered.

Certiorari. Appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1908. Reversed. Opinion filed November 24, 1908.

WILLIAM H. HARTZELL, for appellants.

NEECE & ELTING and CHARLES J. SCOFIELD, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Hancock county, quashing on *certiorari* the record of the commissioners of highways of the town of St. Marys, whereby it is alleged in the petition for the writ that said commissioners of highways vacated a certain public road in said town. The transcript of the record sought to be quashed is as follows:

"PLYMOUTH, ILLINOIS, Sept. 5, 1905. Commissioners of Highways met in the Town Clerk's office and allowed the following bill.

"The following petition was presented to the commissioners of highways, of the town of St. Marys, county of Hancock and state of Illinois.

"The undersigned landowners residing in such town within two miles of the road known as commencing at the northwest corner of the east half of the northeast quarter of section twenty-four (24) running south to Brunson Creek, then northeasterly and east to the county line between Hancock and McDonough counties, we do hereby petition you to vacate said road, and your petitioners pray that you proceed and vacate said road accordingly.

"Dated at Plymouth this 28th day of Aug., 1905.

(Here are affixed the names of sixteen individuals.)

"Moved and carried that they meet on Sept. 30, at 10 o'clock A. M. on the site of the said road to act on said petition. Five notices were posted on Sept. 19, 1905, of the said meeting.

"Sept. 30, 1905, 10 o'clock A. M., the commissioners of highways met on the site of the above road to hear reasons for or against the vacating of the said road, and then adjourned to meet in Plymouth at the town clerk's office at one o'clock P. M., to take final action, and they met at the town clerk's office at one o'clock P. M., in adjourned meeting and voted to grant

the prayer of the said petition to vacate the said road.

They also allowed the following bill."

Appellants' motion to quash the writ which was in the nature of a demurrer to the petition, was overruled by the court, and appellants electing to abide said motion, the court entered a judgment quashing the record of the proceedings. Waiving a consideration of all other questions urged on behalf of appellants, we are of the opinion that the writ was prematurely issued and that the judgment of the circuit court must be reversed, because the transcript of the record of the commissioners of highways, as above set forth, fails to disclose that any final order was entered vacating the road in question.

Where a tribunal usurps jurisdiction, or acts in the absence or excess of jurisdiction, it may be that a common law writ of *certiorari* is issuable before the proceedings instituted before such tribunal shall have culminated in a final order or judgment, but where a tribunal possesses jurisdiction to hear and determine the cause the writ will not issue until the proceeding has terminated, and then only, if it shall appear that such tribunal has entered an illegal judgment or order. "In the latter instance the court has jurisdiction to proceed, and no wrong is done unless an illegal determination is reached." People v. Superior Court, 234 Ill. 186.

Jurisdiction to consider and act upon petitions for the alteration or vacation of existing public roads and the establishment of new roads, in townships organized under the general law, is lodged by the statute in the board of highway commissioners, and when so acting such board of highway commissioners is not proceeding in the absence or the excess or usurpation of jurisdiction.

Section 35 of chapter 121 of the Revised Statutes provides, as follows: "If the petition is simply for the vacation of a road, and the commissioners, or a

majority of them, shall, at such meeting, decide that the prayer of the petitioners should be granted, they shall order such road to be vacated; a copy of which order, together with the petition, shall be by them filed with the town clerk; such order to be so filed within five days after the date of such order." It will be observed that the decision of the commissioners of highways that the prayer of the petitioners for the vacation of the road be granted, is merely a necessary preliminary step in the proceedings and that such commissioners are thereafter required to make an order formally declaring such road to be vacated, and to file a copy of such order together with the petition, with the town clerk within five days after the date of such decision. Until these several steps are taken as required by the statute, the proceedings pending before a board of highway commissioners for the vacation of a road cannot be said to have terminated, and no final judgment or order to have been entered therein. The transcript of the record of the proceedings of the commissioners of highways here involved merely shows that said commissioners "voted to grant the prayer of said petition to vacate the said road." It does not appear that said commissioners made any order declaring such road to be vacated, as they were required to do by statute, or that a copy of any such order was filed by them with the town clerk. It appearing from the transcript of the record of the proceedings here involved that the commissioners of highways made no final order in the premises, appellants' motion to quash the writ should have been sustained, and the judgment of the circuit court quashing the record of said proceedings will be reversed.

*Reversed.*