Docket No. 93319–Agenda 34–September 2002.

LARRY REICHERT, Appellant, v. THE COURT OF CLAIMS OF THE STATE OF ILLINOIS 
et al.
, Appellees.

Opinion filed February 21, 2003.

JUSTICE GARMAN delivered the opinion of the court: This case comes before us on the petition for writ of 
certiorari
 of plaintiff Larry Reichert. He filed his petition in the circuit court of Pope County, seeking review of a ruling on damages made by the Court of Claims in his personal injury action against the Board of Trustees of the University of Illinois (University). The circuit court denied motions of the University and the Court of Claims for transfer of venue to Sangamon County. The appellate court reversed. 327 Ill. App. 3d 390. We granted Reichert’s petition for leave to appeal. 177 Ill. 2d R. 315.

BACKGROUND

In May 1998, Reichert filed an action in the Court of Claims against the University for personal injuries allegedly suffered when his clothing became entangled in a power take-off drive being powered by a tractor owned and operated by the University. Reichert’s injuries occurred in Pope County. Section 8(d) of the Court of Claims Act (Act) (705 ILCS 505/8(d) (West 2000)) limits damages in a tort case to $100,000. This limitation does not apply, however, where the action arises out of the operation by a state employee of a vehicle owned, leased, or controlled by the state. Reichert claimed that operation of the tractor constituted operation of a state vehicle and he sought damages in excess of $100,000. The University filed a motion to strike the claim for damages. The Court of Claims granted the motion, holding that Reichert’s injuries did not arise out of the University’s operation of a vehicle as defined in section 8(d).

Reichert filed a petition for writ of 
certiorari
 in the circuit court of Pope County, naming the Court of Claims as respondent. The petition alleged that the Court of Claims’ decision that the tractor was not a vehicle was against the manifest weight of the evidence and deprived Reichert of a protected property right guaranteed by the federal and state constitutions. The circuit court ordered summons to issue, requiring the clerk of the Court of Claims to prepare a certified copy of the official record of the proceedings in Reichert’s action against the University and to return the record to the circuit court within 30 days. The Court of Claims filed a motion in the circuit court, seeking to transfer venue to Sangamon County. The Court of Claims argued that its principal offices are in Sangamon County and Cook County and that all pleadings were filed and hearings held in Sangamon County. The Court of Claims further argued that the facts underlying Reichert’s injuries in Pope County were irrelevant to the 
certiorari
 action, which involved a dispute over statutory interpretation, a question of law. The Court of Claims further noted that venue in an action against a state agency is proper only in a county where the agency has its principal office or where the transaction or any part thereof occurred giving rise to the cause of action. The circuit court denied the motion. The circuit court granted the University’s petition for leave to intervene in the 
certiorari
 action and denied the University’s subsequent motion to transfer venue to Sangamon County.

The University filed a petition for leave to appeal (166 Ill. 2d R. 306), which the appellate court granted. The court reversed the decision of the circuit court and transferred venue to Sangamon County. The court determined that, while 
certiorari
 is a review procedure, it is also a new cause of action filed against the Court of Claims. In a 
certiorari
 proceeding, review is limited to an inspection of the record of the inferior tribunal and the court may not consider any matter not appearing on that record. Thus, none of the issues in Reichert’s underlying action against the University were involved in the 
certiorari
 action. The transaction that gave rise to Reichert’s 
certiorari
 action occurred in Sangamon County, where all proceedings in the Court of Claims took place. Therefore, venue was proper only in Sangamon County. 327 Ill. App. 3d at 397-98.

ANALYSIS

The common law writ of 
certiorari
 provides a means whereby a party who has no avenue of appeal or direct review may obtain limited review over action by a court or other tribunal exercising quasi-judicial functions. Subject matter jurisdiction over 
certiorari
 actions lies in the circuit court. The purpose of 
certiorari
 review is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to applicable law. 
Stratton v. Wenona Community Unit District No. 1
, 133 Ill. 2d 413, 427 (1990). 
Thus, the circuit court acts as a court of review with respect to 
certiorari
 
actions. The Act provides no method of review of decisions of the Court of Claims. This court has held that 
certiorari
 is available to address alleged deprivations of due process by the Court of Claims. 
Rossetti Contracting Co. v. Court of Claims
, 109 Ill. 2d 72, 79 (1985). However, 
certiorari
 may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it. See 
Klopfer v. Court of Claims
, 286 Ill. App. 3d 499, 503 (1997). Requirements of due process are met by conducting an orderly proceeding in which a party receives adequate notice and an opportunity to be heard. See 
Reyes v. Court of Claims
, 299 Ill. App. 3d 1097, 1104 (1998). Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed. See 
Reyes
, 299 Ill. App. 3d at 1105.

Neither party here has raised the issue of the jurisdiction of the circuit court to
 entertain Reichert’s 
certiorari
 petition. Nonetheless, it is our duty to consider this question. See 
Eastern v. Canty
, 75 Ill. 2d 566, 570 (1979). Generally, 
certiorari
 will not lie until a final judgment has been entered by the tribunal whose decision is sought to be reviewed. In 
People ex rel. Stead v. Superior Court
, this court stated:

“In 
Hyslop v. Finch
, 99 Ill. 171, it was said: ‘A common law 
certiorari
 will lie, first, whenever it is shown that the inferior court [of] jurisdiction has exceeded its jurisdiction; second, whenever it is shown that the inferior court [of] jurisdiction has proceeded illegally and no appeal or writ of error will lie.’

‘This writ was issuable at common law before the proceedings instituted had culminated in a trial, order or judgment, and was based on the absence or the excess or usurpation of jurisdiction on the part of the tribunal from which the proceedings were removed.’ [Citation.] Where, as in the case at bar, the tribunal whose proceedings are attacked acted without jurisdiction and made an order or entered a judgment prejudic[i]al to the party complaining, the writ may issue without awaiting a final judgment or order in the proceeding. Where, however, the tribunal possesses jurisdiction to hear and determine the cause the writ will not issue until the proceeding has terminated, and then only if it appear that the tribunal has entered an illegal judgment or order.” 
People ex rel. Stead v. Superior Court
, 234 Ill. 186, 203-04 (1908).

Roberts v. Romick
, 146 Ill. App. 16 (1908),
(footnote: 1) involved a judgment of the circuit court quashing, on 
certiorari
, the record of the commissioners of highways of the town of St. Marys. The petition for the writ alleged that the commissioners had vacated a certain road. The appellate court held that the writ of 
certiorari
 was prematurely issued because the transcript of the record of the commissioners did not disclose that any final order had been entered vacating the road. By law, the commissioners were required to make a formal order and file a copy with the town clerk within five days following the decision to vacate the road. Until that was accomplished, the proceedings were not final. The appellate court, citing this court’s decision in 
Stead
, noted that only where a tribunal usurps jurisdiction or acts in the absence or excess of jurisdiction will 
certiorari
 lie to review the proceedings of the tribunal prior to the entry of a final order or judgment. As no question existed as to the jurisdiction of the highway commissioners to vacate the road, the circuit court should not have issued the writ. 
Roberts
, 146 Ill. App. at 18.

In the instant case, Reichert has not contended that the Court of Claims lacked jurisdiction to hear his case or that it exceeded its jurisdiction in making its ruling on his damages claim. Reichert’s underlying personal injury action is against the Board of Trustees of the University. Section 8(d) of the Act specifically vests jurisdiction in the Court of Claims over any claim against the Board for damages sounding in tort if a like cause of action would lie against a private person or corporation in a civil suit. 705 ILCS 505/8(d) (West 2000).

The University’s petition to intervene in Reichert’s 
certiorari
 action is contained in the record before us. That petition, filed in February 2001, sets forth the procedural posture of Reichert’s action in the Court of Claims as it existed at the time of the filing of the University’s petition. The petition states that Reichert filed his original complaint in the Court of Claims in May 1998. In August 1999, the Court of Claims granted the University’s motion to strike Reichert’s prayer for damages in excess of $100,000. In December 1999, the Court of Claims denied Reichert’s petition for rehearing and granted Reichert leave to amend his complaint within 30 days. In January 2000, Reichert filed his first amended complaint, which again contained a prayer for damages in excess of $100,000. In March 2000, the University filed a motion to dismiss Reichert’s first amended complaint or, in the alternative, to strike the prayer for damages. According to the petition to intervene, that motion was then pending in the Court of Claims. We note that Reichert filed his petition for writ of 
certiorari
 on April 18, 2000. The record demonstrates, therefore, that, as of the time Reichert filed his petition for writ of 
certiorari
, no final judgment had been rendered by the Court of Claims. In fact, the proceedings were still in the preliminary stages. Thus, Reichert’s 
certiorari
 petition was prematurely filed and the circuit court, as a court of review, should not have considered the petition.

CONCLUSION

For the reasons stated, we vacate the judgment of the appellate court and remand to the circuit court with directions to dismiss the petition for writ of 
certiorari
.

Appellate court judgment vacated;

cause remanded.

JUSTICE RARICK took no part in the consideration or decision of this case.

FOOTNOTES
1:     
1
We note that appellate court decisions issued prior to 1935 are persuasive authority only.  
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 95 (1996).