NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210238-U

NO. 4-21-0238

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 18, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LISA KROUTIL, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE | ) | No. 19L41 |
| COMPANY, | ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court's dismissal with prejudice of plaintiff's second-amended
complaint was proper.

¶ 2     In April 2019, plaintiff, Lisa Kroutil, filed a two-count complaint against

defendant, State Farm Mutual Automobile Insurance Company, related to defendant's handling

of her underinsured motorist claim for an August 4, 2015, motor vehicle collision. In her

complaint, plaintiff raised a breach of contract claim and a claim for statutory damages under

section 155 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/155 (West 2018)).

After the parties arbitrated plaintiff's underinsured motorist claim, plaintiff filed an amended

complaint seeking only section 155 damages. In February 2021, plaintiff filed a

second-amended complaint, again seeking only section 155 damages. The next month,

defendant filed a combined motion to dismiss under section 2-619.1 of the Code of Civil

Procedure (Procedure Code) (735 ILCS 5/2-619.1 (West 2020)). After an April 2021 hearing, the McLean County circuit court entered a written order granting with prejudice defendant's motion to dismiss plaintiff's second-amended complaint.

¶ 3 Plaintiff appeals, asserting her second-amended complaint stated a cause of action for section 155 damages. We affirm.

¶ 4                                I. BACKGROUND

¶ 5 On August 4, 2015, plaintiff was driving her vehicle in Bloomington, Illinois, when she was rear-ended by a vehicle driven by Hilda Upton. At the time of the collision, Upton had an automobile insurance policy with Country Financial that provided $50,000 in liability coverage for bodily injury, and plaintiff had an automobile policy with defendant that provided underinsured motorist coverage. The policy's underinsured motorist coverage provided, if plaintiff was involved in an accident with an underinsured motorist, defendant was to pay, up to the policy limits, plaintiff for her injuries and damages with a setoff for the amount plaintiff recovered from the at-fault driver. Plaintiff asserted she suffered injuries and damages in excess of $50,000 as a result of the collision and sought damages from defendant's underinsured motorist coverage. In April 2017, Country Financial offered to pay plaintiff the $50,000 limit for Upton's liability policy. The next month, defendant granted plaintiff permission to accept the $50,000. Plaintiff provided defendant with all her medical records. In August 2017, defendant informed plaintiff it had reviewed her medical records and determined she was not entitled to additional damage payments and denied plaintiff's underinsured motorist claim. In both November 2017 and April 2018, plaintiff demanded arbitration pursuant to defendant's policy.

¶ 6 In April 2019, plaintiff filed her two-count complaint, alleging (1) defendant breached the terms of its policy by refusing to pay plaintiff damages for her underinsured

motorist claim and (2) she is entitled to attorney fees and statutory damages under section 155 of the Insurance Code (215 ILCS 5/155 (West 2018)) because defendant's conduct in handling her underinsured motorist claim was unreasonable and vexatious. In June 2019, defendant filed a motion to stay the proceedings pending arbitration. The motion noted arbitration was required under plaintiff's insurance policy with defendant and the parties were separately seeking to arrange an arbitration hearing regarding plaintiff's underinsured motorist claim. After a July 2019 hearing, the circuit court granted the motion to stay pending arbitration.

¶ 7    In October 2020, plaintiff filed a motion to lift the stay and compel an answer, asserting the arbitration case was resolved on October 8, 2020, and attaching the arbitrator's decision awarding plaintiff $150,000. After a November 2020 hearing, the circuit court granted plaintiff's motion to lift the stay as well as plaintiff's oral motion for leave to file an amended complaint. Plaintiff filed an amended complaint, asserting only a claim for section 155 damages. Defendant filed a motion to dismiss, which the court granted without prejudice.

¶ 8    Plaintiff filed a second-amended complaint, again only seeking section 155 damages. In the second-amended complaint, plaintiff alleged, *inter alia*, the following. Defendant's claim file for the August 2015 accident stated, on July 17, 2017, plaintiff's attorney mentioned plaintiff's preexisting condition and plaintiff's doctor referenced some permanent nerve damage and recommended a future procedure. On July 20, 2017, a note stated, " 'Continue to evaluate injury as additional information comes in.' " The July 27, 2017, note stated the treating doctor appears to agree " 'we' " aggravated preexisting injuries and the impact was significant with over $9000 in damages to plaintiff's vehicle. Defendant denied plaintiff's claim on August 1, 2017. In an April 2018 letter, Dr. Daniel Marley, one of plaintiff's treating physicians, stated plaintiff made her complaints to him within two days of the accident and no

- 3 -

other traumatic event could have been the cause of her complaints. Thus, Dr. Marley opined plaintiff's left-sided neck and low back injuries that he began treating on August 6, 2015, were caused by the collision. He also noted plaintiff was seen by Dr. Paul Naour, an interventional pain management specialist. Dr. Marley deferred to Dr. Naour regarding plaintiff's long-term prognosis and whether her injuries were permanent. In his April 2018 letter, Dr. Naour believed the August 2015 automobile accident contributed to the worsening of plaintiff's already chronic neck and low back pain. It was more likely than not plaintiff's left-sided neck and low back pain were now permanent in nature. At that point, plaintiff's neck and back issues did not interfere with her daily activities but did produce mild difficulty with sleeping. Dr. Naour opined, given plaintiff's history, the automobile accident aggravated plaintiff's preexisting cervical and lumbar arthritic and axial pain to the extent she will likely need to seek medical relief, as he had currently provided, in the future. A November 16, 2018, note in defendant's case file stated current medical costs were $69,362. Defendant's current stance was the medical treatment was for preexisting injuries or degenerative issues and not for the automobile accident. The note voiced concern because plaintiff's doctor stated the accident aggravated plaintiff's preexisting injury to make it a permanent injury with additional future treatment. Additionally, in her June 2020 deposition testimony, Dr. Brooke Blecher, defendant's expert witness, only contested $14,290 of plaintiff's $83,407 medical bill summary.

¶ 9            In her second-amended complaint, plaintiff alleged defendant committed the following improper claims practices:

"a. failing to adopt and implement reasonable standards for the prompt

investigation and settlement of claims arising under its policies;

b. not attempting in good faith to effectuate prompt, fair and equitable settlement

- 4 -

of claims submitted in which liability has become reasonably clear;

c. compelling plaintiff to institute suit to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

d. refusing to pay claims without conducting a reasonable investigation based on all available information;

e. failing in the case of the denial of a claim or the offer of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial or compromise settlement."

¶ 10      Defendant filed a section 2-619.1 motion to dismiss. Under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2020)), defendant argued plaintiff did not allege facts showing defendant's conduct was vexatious and unreasonable and thus did not state a claim for statutory damages under section 155. Specifically, it argued a disagreement existed between the parties over whether plaintiff was entitled to underinsured motorist coverage, they went to arbitration as required by the policy, and the resolution was in plaintiff's favor. Plaintiff's prevailing at arbitration did not mean she stated a claim for section 155 damages. Pursuant to section 2-619(a)(9) of the Procedure Code (735 ILCS 5/2-619(a)(9) (West 2020)), defendant argued plaintiff's claim for section 155 damages could not stand alone. For plaintiff to prevail on a claim for section 155 damages, plaintiff had to prevail on a breach of contract claim, which plaintiff did not pursue. In support of that argument, defendant cited *Hoover v. Country Mutual Insurance Co.*, 2012 IL App (1st) 110939, 975 N.E.2d 638.

¶ 11      Plaintiff filed a response to the motion to dismiss, asserting she did set forth

specific factual allegations showing defendant's conduct was vexatious and unreasonable by alleging the improper claims practices committed by defendant. As to defendant's section 2-619 argument, plaintiff cited the language in *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 527, 675 N.E.2d 897, 904 (1996), noting an insurer's conduct could give rise to both a breach of contract action and a separate and independent tort action. Plaintiff contended defendant's argument misapplied the law to the facts of this case.

¶ 12    The circuit court held a hearing on defendant's section 2-619.1 motion to dismiss. At the hearing, the court found plaintiff's second-amended complaint did not set forth facts showing bad faith, unreasonableness, or vexatious conduct and thus dismissal under section 2-615 was warranted because the second-amended complaint did not set forth a cause of action for section 155 damages. The court also concluded dismissal was warranted under section 2-619 because our supreme court declined to recognize a stand-alone tort of bad faith in *Cramer*. On April 23, 2021, the court entered a written order dismissing with prejudice plaintiff's second-amended complaint.

¶ 13    On April 28, 2021, plaintiff filed a timely notice of appeal from the dismissal of her second-amended complaint in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Thus, this court has jurisdiction of plaintiff's appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 14                                    II. ANALYSIS

¶ 15    In this case, petitioner appeals from the circuit court's dismissal of her second-amended complaint. Regardless of whether the circuit court's dismissal of plaintiff's petition was under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2020)) or section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2020)), or a combination of both

- 6 -

sections pursuant to section 2-619.1 (735 ILCS 5/2-619.1 (West 2020)), this court's standard of review is *de novo*. *Jane Doe-3 ex rel. Julie Doe-3 v. White*, 409 Ill. App. 3d 1087, 1092, 951 N.E.2d 216, 223 (2011). Under *de novo* review, "we will accept as true all well-pleaded factual allegations." *White*, 409 Ill. App. 3d at 1092, 951 N.E.2d at 223.

¶ 16        Here, the circuit court dismissed the complaint under section 2-615, finding plaintiff's allegations did not state a cause of action for damages under section 155 and section 2-619 because the supreme court declined to recognize a separate stand-alone tort for bad faith in *Cramer*. In her initial appellate brief, plaintiff only addresses the circuit court's dismissal under section 2-615. She does not address *Cramer* or the court's dismissal under section 2-619. In its brief, defendant contends plaintiff forfeited any argument the court's dismissal under section 2-619 based on *Cramer* was erroneous. We agree, as plaintiff addresses *Cramer* for the first time in her reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (stating points not argued in the appellant's brief "are forfeited and shall not be raised in the reply brief"). Regardless of forfeiture, the circuit court's dismissal of plaintiff's second-amended complaint under section 2-619 was proper.

¶ 17        In her second-amended complaint, plaintiff sought relief under section 155(1) of the Insurance Code (215 ILCS 5/155(1) (West 2018)), which provides the following:

>        "In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."

¶ 18        Our supreme court has explained section 155 provides an extracontractual remedy to policyholders when the insurer's refusal to recognize liability and pay a claim under the policy is vexatious and unreasonable. *Cramer*, 174 Ill. 2d at 519, 675 N.E.2d at 900. Before the legislature enacted the statute, a policyholder's only recourse was to bring a breach of contract action to receive the policy proceeds. *Cramer*, 174 Ill. 2d at 520, 675 N.E.2d at 901. Generally, breach of contract actions did not provide for awards of attorney fees and punitive damages. *Cramer*, 174 Ill. 2d at 520, 675 N.E.2d at 901. With section 155, the legislature created a limited statutory exception to the rule. *Cramer*, 174 Ill. 2d at 520, 675 N.E.2d at 901. The legislature "intended to make suits by policyholders economically feasible and to punish insurers." *Cramer*, 174 Ill. 2d at 520, 675 N.E.2d at 901. The supreme court further explained,

"By enacting and amending the statute, the legislature has expanded plaintiff's relief to include reasonable attorney fees, costs, and a limited penalty, in addition to a breach of contract action to recover the amount due under the policy. The legislature has steadily amended the statute to allow an increasingly greater recovery for unreasonable and vexatious insurer misconduct." *Cramer*, 174 Ill. 2d at 520, 675 N.E.2d at 901.

¶ 19        In *Cramer*, 174 Ill. 2d at 518, 675 N.E.2d at 900, our supreme court held both

- 8 -

(1) section 155 does not preempt a separate and independent tort action involving insurer misconduct and (2) the tort of bad faith is not a separate and independent tort action under Illinois law.  In declining to recognize a separate tort, the supreme court noted section 155 presupposes an action on the insurance policy and thus section 155 does not address tortious conduct or tort liability in general.  *Cramer*, 174 Ill. 2d at 523, 675 N.E.2d at 902.  "The statute simply provides an extracontractual remedy to an action on a policy."  *Cramer*, 174 Ill. 2d at 523, 675 N.E.2d at 902.

¶ 20       Here, plaintiff did not pursue her breach of contract claim in her second-amended complaint.  Thus, her section 155 claim is not connected to an action on the policy.  Without citation to the record, plaintiff contends she won her breach of contract claim and defendant paid damages for its breach of contract.  However, according to the documents related to the arbitration stay, the arbitration was on plaintiff's initial underinsured motorist claim and defendant paid plaintiff what she was owed for her underinsured motorist claim.  The arbitration was not on whether defendant breached the insurance policy.  Thus, plaintiff did not win a breach of contract action.

¶ 21       In *Hoover*, 2012 IL App (1st) 110939, ¶¶ 38-41, the appellate court addressed a plaintiff's section 155 claim.  It noted the *Cramer* court explained section 155 presupposes an action on the policy and thus, for a plaintiff to recover under section 155, the plaintiff must also succeed in the action on the policy.  *Hoover*, 2012 IL App (1st) 110939, ¶ 40.  There, the reviewing court found the circuit court's dismissal of the section 155 claim was proper because the plaintiffs' breach of contract action was time barred and their section 155 claim was dependent on the success of the breach of contract action.  *Hoover*, 2012 IL App (1st) 110939, ¶ 41.

¶ 22          Since plaintiff's section 155 claim was dependent on a successful breach of contract action and she did not pursue that cause of action, the circuit court properly dismissed her second-amended complaint under section 2-619.

¶ 23                                    III. CONCLUSION

¶ 24          For the reasons stated, we affirm the McLean County circuit court's judgment.

¶ 25          Affirmed.