NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241009-U

NO. 4-24-1009

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 31, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MWENDA MURITHI, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| THE ILLINOIS COURT OF CLAIMS, | ) | No. 22MR25 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed the trial court's dismissal of plaintiff's petition for a writ of *certiorari* where plaintiff failed to establish the Illinois Court of Claims denied him due process and the trial court lacked jurisdiction to consider the correctness of the Court of Claims' decision based upon the merits of the case before it.

¶ 2     Plaintiff, Mwenda Murithi, appeals the trial court's dismissal of his petition for a writ of *certiorari*, which sought judicial review of the Illinois Court of Claims' order dismissing his complaint against the Illinois Department of Corrections (IDOC). The court concluded it lacked subject matter jurisdiction over plaintiff's claim. On appeal, plaintiff argues the court's dismissal of his petition for a writ of *certiorari* was erroneous because the court had subject matter jurisdiction over his claim, which alleged that the Court of Claims' dismissal of his complaint deprived him of due process. We affirm.

¶ 3                         I. BACKGROUND

¶ 4                    A. Plaintiff's Petition for a Writ of *Certiorari*

¶ 5            On September 8, 2022, plaintiff filed a petition for a writ of *certiorari* in the trial court against the Court of Claims and IDOC. No certified record from the underlying Court of Claims proceeding, which formed the basis of the Livingston County petition for a writ of *certiorari*, was contained in the record on appeal, though filings by the parties in the Livingston County matter included exhibits purporting to be records from the Court of Claims proceeding. It is the appellant's burden to present a sufficiently complete record to support a claim of error on appeal. *Foutch v. O'Bryant*, 99 Ill.2d 389, 391 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. The following information was taken from plaintiff's pleadings filed in Livingston County. Therein, plaintiff asserted the following facts.

¶ 6            On November 29, 2021, plaintiff filed a complaint in the Court of Claims against IDOC (case No. 22-CC-1206), alleging IDOC harmed him by refusing to separate him from his cellmate after his cellmate contracted COVID-19. Plaintiff alleged he contracted COVID-19 as a result and IDOC refused to provide him with medical attention.

¶ 7            Plaintiff's petition alleged IDOC subsequently moved to strike discovery and dismiss his complaint under sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)), arguing (1) plaintiff failed to state a claim for which relief could be granted, (2) the Court of Claims lacked jurisdiction to address what amounted to challenges to IDOC's administrative policies and decisions, and (3) plaintiff's claim, which amounted to one for medical malpractice, should be dismissed due to plaintiff's failure to attach a medical affidavit, as required by section 2-622(a) of the Code (*id.* § 2-622(a)).

¶ 8            According to plaintiff's petition, he filed a response in opposition to IDOC's motion

to dismiss his complaint arguing (1) his complaint sufficiently raised a claim upon which relief could be granted, as he alleged he contracted COVID-19 from his cellmate after IDOC failed to separate them, (2) the Court of Claims had jurisdiction over his claim because he was not challenging IDOC's policies but alleging IDOC violated state law by failing to provide medical care, and (3) he was not required to attach a medical affidavit to his complaint because his claim was one for medical negligence, not medical malpractice. Plaintiff's response in opposition was included in the record on appeal. It shows plaintiff attached to his response a memorandum of law containing argument and legal authority to support his contentions.

¶ 9         Plaintiff asserted on March 15, 2022, the Court of Claims dismissed his complaint with prejudice without "notice or an opportunity for an evidentiary hearing." The record on appeal does not show plaintiff filed a motion for rehearing in the Court of Claims.

¶ 10         Based upon the foregoing alleged facts, plaintiff's petition for a writ of *certiorari* contended the Court of Claims denied him due process because, in dismissing his complaint without a hearing, he was not given notice and an opportunity to be heard. Plaintiff further alleged he was denied due process because the Court of Claims did not "outline the reasoning behind the decision" to dismiss his complaint in its written order. Additionally, plaintiff asserted the court had jurisdiction to evaluate "a decision of the Court of Claims" because the Court of Claims Act (Act) (705 ILCS 505/1 *et seq.* (West 2022)) "does not prohibit judicial review." Finally, plaintiff reiterated the points he raised in opposing IDOC's motion to dismiss in the Court of Claims, *i.e.*, (1) he stated a claim by alleging he contracted COVID-19 after IDOC refused to separate him from his cellmate, (2) he stated a claim for medical negligence, which did not require a medical affidavit, and (3) IDOC violated the law by failing to provide him medical care.

¶ 11         B. The Court of Claims' Combined Motion to Dismiss

¶ 12    On July 14, 2023, the Court of Claims filed a combined motion to dismiss under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2022)). The Court of Claims first argued plaintiff's petition for a writ of *certiorari* should be dismissed pursuant to section 2-615 of the Code because plaintiff failed to state a claim that his right to due process was violated. Specifically, the Court of Claims contended plaintiff was afforded multiple opportunities to be heard in the underlying Court of Claims proceedings, including through his complaint, his response in opposition to IDOC's motion to dismiss, and—had he chosen to do so—in a petition for rehearing. The Court of Claims further argued plaintiff's petition should be dismissed pursuant to section 2-619 of the Code because plaintiff "merely disagree[d] with the correctness of the Court of Claims' dismissal" and the trial court lacked jurisdiction to review the correctness of that decision. Finally, the Court of Claims argued, in the alternative, if the court did not dismiss the petition, it should find the venue improper and transfer the case to the circuit court of Sangamon County.

¶ 13    On August 17, 2023, plaintiff filed a response in opposition to the combined motion to dismiss. Therein, he argued his petition stated a claim that his due process rights were violated because (1) he was not afforded an evidentiary hearing and (2) the Court of Claims' order did not list the reasons for the dismissal of his complaint. He further argued the trial court had jurisdiction because he was not challenging the correctness of the Court of Claims' dismissal but arguing the Court of Claims deprived him of due process. Finally, plaintiff responded venue was proper in Livingston County because a "substantial part of the events" giving rise to the cause of action occurred there.

¶ 14    On April 22, 2024, IDOC was dismissed as a party upon plaintiff's motion due to plaintiff's failure to effectuate service upon IDOC.

¶ 15    On June 26, 2024, the trial court granted the Court of Claims' motion to dismiss

- 4 -

plaintiff's petition, concluding it did "not have subject matter jurisdiction to hear plaintiff's claim."

¶ 16    This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18    Plaintiff argues the trial court erred in dismissing his petition for a writ of *certiorari* because the court had jurisdiction over his claim, which sufficiently alleged the Court of Claims deprived him of due process.

¶ 19    A motion to dismiss pursuant to section 2-615 of the Code "challenges the legal sufficiency of a complaint based on certain defects or defenses apparent on the face of the complaint." *Walworth Investments-LG, LLC v. MU Sigma, Inc.*, 2022 IL 127177, ¶ 39; see 735 ILCS 5/2-615(a) (West 2022). A court ruling on a section 2-615 motion "must accept as true all well-pleaded facts and all reasonable inferences therefrom, to determine whether the complaint's allegations—construed in the light most favorable to the plaintiff—are sufficient to establish a cause of action upon which relief may be granted." *Walworth*, 2022 IL 127177, ¶ 39. By contrast, dismissal is warranted under section 2-619(a)(1) of the Code when "the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2024). Section 2-619.1 of the Code permits defendants to combine motions to dismiss under both section 2-615 and section 2-619. 735 ILCS 5/2-619.1 (West 2022). Whether the court's dismissal of a plaintiff's complaint was under section 2-615, section 2-619, or a combination of both, this court's review is *de novo*. *Kroutil v. State Farm Mutual Automobile Insurance Co.*, 2021 IL App (4th) 210238, ¶ 14. We may affirm the dismissal of the complaint on any basis supported by the record. *Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42.

¶ 20    Under the doctrine of sovereign immunity, lawsuits against the State are barred

unless the State consents to being sued. *People ex rel. Madigan v. Excavating & Lowboy Servies, Inc.*, 388 Ill. App. 3d 554, 558 (2009). This doctrine protects the State from interference in the performance of its governmental functions and preserves state funds. *Id.* at 559. The Illinois Constitution of 1970 abolished sovereign immunity but granted the legislature the authority to reinstate it (Ill. Const. 1970, art. XIII, § 4), which the legislature did by enacting the State Lawsuit Immunity Act (see 745 ILCS 5/1 (West 2020) (noting that except as provided in, *inter alia*, the Act, "the State of Illinois shall not be made a defendant or party in any court")).

¶ 21        The Act established the Court of Claims and granted it "exclusive jurisdiction to hear and determine *** [a]ll claims against the State founded upon any law of the State of Illinois" and "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(a), (d) (West 2022). Nevertheless, the "Court of Claims is not a court within the meaning of the judicial article of our state constitution." *People v. Philip Morris, Inc*, 198 Ill. 2d 87, 96-97 (2001). The function of the Court of Claims is to receive and resolve claims against the State, not to adjudicate cases. *Id.* at 97.

¶ 22        The Act does not provide for judicial review of the Court of Claims' decisions. *Reichert v. Court of Claims of the State of Illinois*, 203 Ill. 2d 257, 261 (2003). However, our supreme court has allowed a narrow exception, having determined *certiorari* is available in instances where the Court of Claims has deprived a party of his or her right to due process. *Id.* While *certiorari* is appropriate for addressing deprivations of due process by the Court of Claims, it "may not be used to review the correctness of a decision by the Court of Claims based upon the merits of the case before it." *Id*.

¶ 23        Plaintiff argues the trial court had jurisdiction over his claim because he alleged the

Court of Claims deprived him of due process. He asserts the deprivation occurred because the Court of Claims' written order "did not indicate the evidence [relied upon] nor [the] reasoning" for dismissing his complaint and he was not afforded an evidentiary hearing before his complaint was dismissed.

¶ 24 "Requirements of due process are met by conducting an orderly proceeding in which a party receives adequate notice and an opportunity to be heard." *Id.* To satisfy due process, notice must be " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Passalino v. City of Zion*, 237 Ill. 2d 118, 126 (2010) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). An opportunity to be heard encompasses a person's ability "to enforce and protect his rights." *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 244 (2006). "Due process is not abridged where a tribunal misconstrues the law or otherwise commits an error for which its judgment should be reversed." *Reichert*, 203 Ill. 2d at 261. Adequate notice and an opportunity to be heard are "all that procedural due process requires." *Ollins v. Karl*, 2022 IL App (1st) 220150, ¶ 31.

¶ 25 Plaintiff's argument he sufficiently stated a claim that the Court of Claims deprived him of due process is unavailing. Although he argues the Court of Claims dismissed his complaint without an evidentiary hearing in an order that failed to explain the reasons for the dismissal, the face of plaintiff's petition reveals he nevertheless received all the process he was due, as it establishes he was afforded notice and an opportunity to be heard.

¶ 26 Here, plaintiff's petition alleged he filed his underlying complaint against IDOC in the Court of Claims, and IDOC responded with its motion to dismiss, arguing (1) plaintiff failed to state a claim for which relief could be granted, (2) the Court of Claims lacked jurisdiction

because plaintiff merely challenged IDOC's administrative policies and decisions, and (3) plaintiff failed to attach a medical affidavit, which was required by statute, to support his medical malpractice claim. By plaintiff's own admission in his petition, having been made aware of the motion to dismiss, he filed a response in opposition, which included legal argument supported by authority that addressed each of the points IDOC raised in its motion. Specifically, plaintiff's response argued (1) he sufficiently stated a claim upon which relief could be granted because he asserted he contracted COVID-19 from his cellmate after IDOC failed to separate them, (2) the Court of Claims had jurisdiction over his claim because he was not challenging IDOC's policies but arguing IDOC failed to adhere to state law, and (3) he was not required to attach a medical affidavit because his claim was for medical negligence, not medical malpractice. The Court of Claims dismissed plaintiff's complaint only after plaintiff was afforded the opportunity to respond to IDOC's motion to dismiss with his arguments for why the matter should not be dismissed. See *Hastings v. State*, 2015 IL App (5th) 130527, ¶¶ 8-10, 18 (concluding the plaintiff was afforded adequate notice and an opportunity to be heard in the Court of Claims where she filed a response to the defendants' motion for summary judgment); see also *Ollins*, 2022 IL App (1st) 220150, ¶ 31 (stating procedural due process requirements were met where the plaintiffs had notice of the defendant's motion to dismiss and "were given the opportunity to brief their response, including their waiver and estoppel arguments"). Moreover, although plaintiff had an additional opportunity to be heard via a motion to reconsider or a motion for rehearing (see 705 ILCS 505/15 (West 2022); 74 Ill. Adm. Code 790.220 (2016)), plaintiff filed neither such motion, and the record does not show plaintiff was in any way prohibited from doing so.

¶ 27    Given the foregoing, we conclude the Court of Claims afforded plaintiff adequate notice and a meaningful opportunity to be heard, despite his complaints the Court of Claims did

not hold an evidentiary hearing and entered an order that did not provide its rationale for the dismissal. See *Hastings*, 2015 IL App (5th) 130527, ¶¶ 10, 18, 22 (noting where the Court of Claims "did not specify the grounds on which it granted the [defendant's] motion" for summary judgment but the record showed the plaintiff was afforded notice and an opportunity to be heard, no due process violation occurred); see also *Ollins*, 2022 IL App (1st) 220150, ¶ 31 (concluding due process requirements were met where, although the plaintiffs argued the court dismissed their complaint absent a hearing, the plaintiffs had notice of the defendant's motion to dismiss and the opportunity to brief their response to the defendant's motion); see also *Hyde Park Medical Laboratory, Inc. v. Court of Claims*, 259 Ill. App. 3d 889, 896-87 (1994) (rejecting the plaintiff's argument it was denied due process when the Court of Claims declined its request for an evidentiary hearing on the Court of Claims' finding that the plaintiff's invoices were not properly approved). As a result, plaintiff was not denied due process.

¶ 28        As no due process violation occurred, we conclude the trial court properly dismissed plaintiff's petition for a writ of *certiorari*, as (1) plaintiff failed to state a claim that the Court of Claims deprived him of due process and (2) the court lacked the jurisdiction to otherwise consider the merits of the case before the Court of Claims. See *Lake v. State*, 401 Ill. App. 3d 350, 353 (2010) ("The circuit court has subject-matter jurisdiction to determine whether the petitioner was afforded his due process rights, but it may not review the correctness of a decision based upon the merits of the case before the Court of Claims.").

¶ 29                          III. CONCLUSION

¶ 30        For the reasons stated, we affirm the trial court's judgment.

¶ 31        Affirmed.